59432. GRAHAM v. THE STATE.

DEEN, Chief Judge.

1. "Clearly, justice requires that a person found guilty after trial by jury should not be freed because the appellate court is prohibited from considering the entirety of the evidence." *Bethay v. State,* 235 Ga. 371, 374 (219 SE2d 743) (1975). On the trial of a defendant charged with violation of Code § 99-9904 (fraudulent obtention of public assistance) the defendant made and the court overruled a motion for acquittal at the close of the state's evidence. In her defense Ms. Graham took the stand and admitted that she had received public assistance during weeks when she had in fact been working, and that she had not reported this fact although she had been told to do so. Under the ruling in *Bethay* we hold that whatever evidence favorable to the state was obtained after the motion for acquittal was made and overruled may be considered by this court in passing on the alleged error of denying that motion.

2. Objection was made to certain exhibits offered by the state consisting of computer printouts which keep track of recipients of

welfare by name, address, date and social security number and indicate what assistance checks have been mailed from the Department of Human Resources in Atlanta based on information received on forms provided by and furnished to the various county offices (here Thomas County Family and Children Services). The office also receives wage transcripts, identifying the clients by name and social security number and showing their employment organized by yearly quarters. The office on receiving this information checks it directly with the individual employers for accuracy and thereupon calls in the public assistance recipient for consultation. This was the procedure in this instance. Both categories of documents are received in the regular course of business of these offices, and it is the regular course of business of the DHR to make and preserve such records. A third group of challenged exhibits were budget sheets showing the entitlement of the defendant for each month, and from these three types of records the witness determined the months in which the defendant was entitled to financial assistance and the amount of assistance; also, by comparison with the verified wage transcripts the entitlement and amount of overpayment for each month could be ascertained. All of these exhibits are challenged as not being within the personal knowledge of the witness.

We hold that the physical evidence and testimony based thereon was correctly admitted, a proper foundation having been laid under Code § 38-711. It has twice been held that, once the "course of business" requirements have been met, the fact that the evidence consists of computer printouts (as to which it usually happens that no one person is able to testify to personal knowledge of all the facts fed into the computer) does not affect its admissibility in evidence. It is admissible where "[a]ll the hallmarks of authenticity surround this document, since it was made pursuant to established company procedures for the systematic, routine, timely making and preserving of company records." *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360 (3) 364 (223 SE2d 757) (1976); *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629) (1977). The computer printouts were properly identified and admissible in evidence.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED MARCH 21, 1980—
REHEARING DENIED MARCH 31, 1980 —

*Steven J. Messinger,* for appellant.

*H. Lamar Cole, District Attorney, Richard Goolsby, Assistant District Attorney,* for appellee.