JOHNSON v. U.S. TEXTILES CORP.

[105 N.C. App. 680 (1992)]

---

JUDY JOHNSON, PETITIONER-APPELLANT v. U.S. TEXTILES CORPORATION AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS-APPELLEES

No. 9124SC243

(Filed 17 March 1992)

1. **Master and Servant § 108 (NCI3d)— unemployment compensation—leaving job for health reasons—insufficient findings—remand**

   The Employment Security Commission's finding that claimant failed to present evidence of adequate health reasons to justify leaving her employment was erroneous, and the findings were insufficient to support the Commission's conclusion that claimant left her employment without good cause attributable to her employer, where claimant testified that her blood pressure was high, that her job made her a nervous wreck, and that her doctor advised her to slow down and work at her own speed, but the evidence was inconclusive as to what claimant's blood pressure was, what treatment she was receiving, whether there was a direct correlation between her blood pressure and her job, and what medical advice she received from her physician. Therefore, the cause must be remanded to the Employment Security Commission for proper findings of fact and an additional evidentiary hearing if necessary. N.C.G.S. § 96-14(1).

   **Am Jur 2d, Unemployment Compensation §§ 92-94.**

JOHNSON v. U.S. TEXTILES CORP.

[105 N.C. App. 680 (1992)]

**2. Master and Servant § 108 (NCI3d) — unemployment compensation — pro se claimant — duty of appeals referee to ask relevant questions**

The appeals referee had the responsibility to assist a *pro se* claimant for unemployment compensation by asking her relevant questions which would have given her the opportunity to show that she left her employment for adequate health reasons.

**Am Jur 2d, Unemployment Compensation § 92.**

APPEAL by petitioner from order entered 8 October 1990 by *Judge Judson D. DeRamus* in AVERY County Superior Court. Heard in the Court of Appeals 4 December 1991.

Petitioner-appellant, Judy Johnson, filed an additional claim for unemployment insurance benefits effective 3 December 1989. The matter was referred to an adjudicator of the Employment Security Commission (ESC), who held that plaintiff was disqualified from receiving unemployment insurance benefits beginning 3 December 1989.

Plaintiff appealed the decision to an appeals referee. A hearing was conducted by Charles M. Brown, Jr., appeals referee, who rendered a decision holding the claimant to be disqualified because she failed to comply with G.S. § 96-14(1) (1990).

Petitioner appealed to the Commission and Chief Deputy Commissioner Thelma M. Hill affirmed the decision of the appeals referee and adopted the findings of facts, memorandum of law, and decision. From the decision of the chief deputy commissioner, petitioner appealed to the superior court which affirmed the decision of the Commission. From the order of the superior court, petitioner appeals.

*Legal Services of the Blue Ridge, by Charlotte Gail Blake, for petitioner-appellant.*

*C. Coleman Billingsley, Jr., for defendant-appellee, Employment Security Commission.*

*No counsel for appellee U. S. Textiles Corporation.*

JOHNSON, Judge.

The findings of fact by the appeals referee, affirmed by the chief deputy commissioner, adequately set forth the facts in this case and are as follows:

1. Claimant last worked for U.S. Textiles Corporation on November 6, 1989 as an automatic sewing machine operator. From January 21, 1990 until January 27, 1990, claimant has registered for work and continued to report to an employment office of the Commission and has made a claim for benefits in accordance with G.S. 96-15(a). The claimant filed a New Initial Claim effective July 9, 1989. An AIC claim was filed effective December 3, 1989, and an NIE claim was effective January 21, 1990. The claimant's weekly benefit amount is $143.00. The claimant's maximum benefit amount is $3,108.00.

2. The Adjudicator, Robert C. Johnson, issued a conclusion under Docket No. 00035-1 holding claimant disqualified from receiving benefits beginning December 3, 1989. Claimant appealed. Pursuant to G.S. 96-15(c), this matter came on before the undersigned Appeals Referee for hearing. Present for the hearing was the claimant.

3. The claimant was employed with the above-named employer from October 16, 1989 until November 6, 1989.

4. Claimant left this job under the following circumstances: She had to work very fast to operate the machine to which she was assigned, and that caused anxiety in claimant.

5. After working for the employer for three weeks, claimant was nervous, and her blood pressure was elevated. Claimant consulted a physician, but he did not recommend that she leave her job.

6. Claimant asked for a transfer to a job at which she would not have to work so fast, but that request was denied. At that point, claimant quit her job.

7. Continuing work was available for claimant at the time she quit her job.

The petitioner, Ms. Johnson, contends that the superior court erred in affirming the ESC's decision because the facts found by the ESC support only the conclusion that Ms. Johnson left her

JOHNSON v. U.S. TEXTILES CORP.

[105 N.C. App. 680 (1992)]

job due to adequate health reasons in accordance with G.S. § 96-14(1). Petitioner, who appealed *pro se*, also contends that the superior court erred in affirming the ESC's decision because the ESC failed to assist her in developing a full record and obtaining all information relevant to the decision. We find that under the facts of this case, the evidence presented before the appeals referee wås insufficient to determine whether the petitioner left her employment with good cause attributable to the employer.

General Statute § 96-14(1) states that one is not disqualified from receiving unemployment compensation benefits where the employee leaves work due solely to a disability incurred or other health condition, whether or not related to work, if the employee shows:

> (a) That, at the time of leaving, an adequate disability or health condition, either medically diagnosed or otherwise shown by competent evidence, existed to justify the leaving and prevented the employee from doing other alternative work offered by the employer which pays a minimum wage of eighty-five percent (85%) of the individual's regular wage, whichever is greater; and

> (b) That, at a reasonable time prior to leaving, the individual gave the employer notice of his disability or health condition.

In *Hoke v. Brinlaw Mfg. Co.*, 73 N.C. App. 553, 327 S.E.2d 254 (1985), the Commission had concluded that the claimant presented insufficient medical evidence to show that the conditions on her job aggravated her high blood pressure or caused dizziness and faintness. This Court opined that "[t]hough it has not been unequivocally stated, evidence of a health problem and of medical advice to leave work or change a job because of that problem is ordinarily sufficient to establish the existence of adequate health reasons." *Id.* at 556, 327 S.E.2d at 256.

The *Hoke* Court further stated that the claimant presented undisputed evidence by her own sworn testimony that she had high blood pressure and had several times become ill at work, thereby expressing its acceptance of such testimony as competent evidence to prove an adequate health condition. 73 N.C. App. at 557, 327 S.E.2d at 256-57. In *Hoke*, there was no evidence that the claimant's physician had told her that her high blood pressure was aggravated by conditions on her job or that he had advised

her to seek a change; such evidence, however, is not necessary. *See Ray v. Broyhill Furniture Industries,* 81 N.C. App. 586, 344 S.E.2d 798 (1986) (Claimant must only show by *competent* evidence that the health condition existed at the time of leaving; competent evidence may include physician's statement, but does not exclude other evidence tending to prove the existence of claimant's health condition.).

The *Hoke* Court found that the Commission's conclusion that claimant had failed to prove she left work due to adequate health reasons was based in part on its finding that claimant "apparently had not been advised of any restrictions on her ability to work in her regular job." 73 N.C. App. at 557, 327 S.E.2d at 257. The finding was derived from the dialogue at the hearing where the referee asked the claimant if her doctor had advised her about work and she responded, "No," while continuing to unsuccessfully answer the referee's question. 73 N.C. App. at 557-58, 327 S.E.2d at 257. Rejecting the Commission's finding that the record was quite clear with regard to claimant's medical treatment or physician's advice, this Court held that the referee's questions were vague and the *pro se* claimant's answers were unresponsive. *Id.* The inconclusive evidence in *Hoke* did not support a finding either way on the question of whether claimant had received medical advice. The case at bar is analogous to *Hoke.*

[1] In the case *sub judice,* Ms. Johnson presented her own sworn testimony that her blood pressure was high and that her job made her a nervous wreck. She also testified that her doctor advised her to slow down and work at her own speed, although she did not present a statement from her doctor. There is no way of determining from the record how high the petitioner's blood pressure was; whether she was on medication for hypertension; or whether there was a direct correlation between the level of Ms. Johnson's blood pressure and her job. The evidence is not clear as to the petitioner's treatment or the physician's medical advice. We, therefore, find the medical evidence presented inconclusive. Accordingly, the Commission's finding that petitioner failed to present evidence of adequate health reasons to justify her leaving U.S. Textiles' employ is error.

[2] We also find that evidence necessary to make the decision about Ms. Johnson's health may have been more forthcoming had the referee properly assisted Ms. Johnson in obtaining all informa-

tion relevant to the decision. The responsibility of asking questions which would have produced evidence to fulfill the statutory obligation under G.S. § 96-14(1) fell upon the referee. The referee failed to meet this responsibility; the questions he asked were vague, and the claimant's answers were unresponsive. This Court has recognized that "[e]specially in the case of an uncounseled claimant, the Commission's responsibility involves asking the right questions." 73 N.C. App. at 559, 327 S.E.2d at 258.

Although the ESC was not required to notify Ms. Johnson of the specific facts she had to show to prove her case, it did have the "responsibility to conduct its hearings in a manner that [allowed her] the opportunity to make the required showing." *Id.* The ESC's responsibility to assist *pro se* claimants is not only recognized by the courts of this State, but also by the Commission. The ESC's own regulations state that:

> In any hearing the referee may examine the parties and their witnesses. Where a party is not represented by counsel, the referee before whom the hearing is being held should advise him/her as to his/her rights, aid him in examining and cross-examining witnesses, and give him/her every assistance compatible with the impartial discharge of his/her official duties.

ESC Reg. No. 14.28(G), 3 Unempl. Ins. Rep. (CCH) paragraph 5415 (N.C. June 16, 1989).

Although the findings of fact made by the ESC are binding on appeal if supported by competent evidence, the facts found may not be sufficient to determine the issues before the Court. In such a case, as in the case at bar, a remand to the ESC is appropriate for additional fact finding. *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 445-46, 267 S.E.2d 842, 845 (1986).

We reverse the order of the superior court and remand this case with directions that it be remanded to the Employment Security Commission for proper findings of fact consistent with this opinion and an additional evidentiary hearing, if necessary.

Reversed and remanded.

Judges EAGLES and ORR concur.