A93A0898, A93A0899. ROBERTSON v. THE STATE (two cases).
(437 SE2d 816)

BLACKBURN, Judge.

Via accusations, the appellants, Alex and Mae Robertson, were charged with multiple counts of fraudulently obtaining public housing in violation of OCGA § 16-9-55. They were tried and found guilty on all counts by the court sitting without a jury, and these appeals followed.

1. The Robertsons contend that the evidence was insufficient to support their convictions because (1) it did not show the housing they received to be "public housing" within the meaning of the statute; (2) it failed to prove they committed the offenses in the manner set forth in the accusations; and (3) the State failed to produce a certified copy of the applicable federal regulations governing the housing program. We disagree.

OCGA § 16-9-55 (b) in part defines "public housing" as "housing which is constructed, operated, maintained, financed, *or subsidized* by . . . a housing authority. . . ." (Emphasis supplied.) At trial, the housing assistance director with the DeKalb County Housing Authority explained that the Housing Authority receives appropriations from the United States Department of Housing and Urban Development, but the Housing Authority determines the eligibility of applicants and awards subsidies for private housing within DeKalb County. As such, the private housing for which the Robertsons received subsidies from the Housing Authority constituted "public housing" for the purposes of OCGA § 16-9-55.

The Robertsons argue that fatal variances exist between the accusations and the evidence, because the accusations charged them with fraudulently obtaining public housing, whereas the evidence showed that they were entitled to some public housing benefit but not as great a benefit as they actually received. Although the State should be encouraged to draft its accusations in such a manner as to avoid the possibility of a fatal variance between the allegata and the probata, we find no such variance in these cases. OCGA § 16-9-55 describes a single crime relating to the receipt of public housing benefits by a fraudulent scheme or device, and simply outlines numerous ways in which a violation may occur. To accept the Robertsons' argument would require a determination that the statute provides for several

*different* crimes as opposed to providing different ways in which a single crime may be committed.

The accusations charged the Robertsons with committing "the offense of fraud in obtaining public housing by knowingly and intentionally failing to disclose material information to obtain public housing in violation of OCGA Section 16-9-55." That Code section prohibits obtaining "public housing or a reduction in public housing rental charges or any rent subsidy or payment from a tenant in connection with public housing" by making a false statement, failing to disclose information, impersonation, or other fraudulent scheme.

The only variance between the accusations and the evidence in these cases concerned the degree of benefit fraudulently obtained by the Robertsons. The type of benefit, i.e., public housing subsidies, was identical, and the method of obtaining it, i.e., failing to disclose information about income, was the same in the accusation and in the proof. Only the degree of benefit, i.e., complete as opposed to partial eligibility or ineligibility for public housing subsidies, differed.

It is axiomatic that not every variance between an accusation and the proof is fatal. An accusation must definitely inform the accused of the charges against him, so that (1) he is able to present a defense, and (2) he may be protected against another prosecution for the same offense. A variance is not fatal unless it subjects a defendant to one of those dangers. *Young v. State*, 205 Ga. App. 357 (2) (422 SE2d 244) (1992).

In the instant cases, no reasonable argument exists that the accusations did not sufficiently inform the Robertsons of the charges against them so that they were unable to present a defense or were vulnerable to a subsequent prosecution for the same offenses. As noted above, the critical elements of the charges and the evidence were consistent, i.e., the Robertsons obtained public housing subsidies to which they were not entitled by concealing material information about their household income. The Robertsons' defense would have been no different had the accusations more specifically charged them with obtaining greater rent subsidies than those to which they were entitled. As such, no fatal variance existed.

The State's failure to produce a certified copy of any pertinent federal regulations did not create a fatal evidentiary deficit. Unlike state regulations, the contents of the Code of Federal Regulations may be judicially noticed. *Sims v. Southern Bell Tel. &c. Co.*, 111 Ga. App. 363 (141 SE2d 788) (1965). Further, the federal regulations were not essential to the proof, as the checklist and housing voucher signed by the Robertsons obligated them to report changes of income and the wage records received from the Georgia Department of Labor indicated that they failed in that obligation.

2. The Robertsons also contend that the trial court erred in ad-

mitting into evidence the computer printouts of their wage records received from the Department of Labor, on the ground that the printouts constituted inadmissible hearsay. However, during the trial, the housing assistance director explained that the Housing Authority had a contract with the Department of Labor whereby, upon the Housing Authority's request, the Department of Labor provided records it maintained of quarterly earnings reported under an individual's social security number. The Housing Authority requested such wage transcripts whenever it was deemed necessary to verify the income of an applicant/recipient. Upon receiving the transcripts, the documents were then maintained as records of the Housing Authority. In short, these documents were routinely prepared by the Department of Labor and transmitted to the Housing Authority, which kept and maintained the documents in the regular course of the Housing Authority's business. Under these circumstances, the trial court did not err in admitting these earnings records as business records. OCGA § 24-3-14, generally; see *Moore v. State*, 154 Ga. App. 535, 537-541 (268 SE2d 706) (1980); *Graham v. State*, 154 Ga. App. 198 (267 SE2d 842) (1980).

*Judgments affirmed. Pope, C. J., Birdsong, P. J., Beasley, P. J., Cooper, Andrews, Johnson and Smith, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

"In *Ross v. State*, 195 Ga. App. 624 (1 b) (394 SE2d 418), this court was confronted with a count of aggravated sodomy which averred that appellant had committed the offense in one manner and in one manner only. The evidence failed to prove that the offense was committed in the manner averred, although it was established the offense would have been committed in another statutory manner not averred. This court noted the facts in *Ross* were distinguishable from those cases where an indictment avers several different manners in which the offense was committed and there exists evidence sufficient to support a finding of guilt as to one (but not all) of these averred manners, and held: ' " 'If the indictment sets out the offense as done in a particular way, *the proof must show it so,* or there will be a variance. . . . (N)o averment in an indictment can be rejected as surplusage which is descriptive either of the offense *or of the manner in which it was committed.* All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. (Cits.) . . . To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance. . . . (Cits.)' " (Cits.)' Accord *Feagin v. State*, 198 Ga. App. 460 (2) (402 SE2d 80)." *Barnett v. State*, 204 Ga.

App. 491, 496 (3), 497-498 (420 SE2d 43).

Inasmuch as the accusation charged defendants with violating OCGA § 16-9-55 by fraudulently obtaining public housing, it was incumbent upon the prosecution to prove that defendants committed the offense in that manner. The evidence adduced at trial established that defendants were *eligible* to obtain public housing — but that they schemed to obtain additional rent subsidies (i.e., subsidies over and above that to which they were entitled) by failing to disclose their true income. Thus, in my view, there is a fatal variance between the allegata and the probata.

I respectfully dissent.

DECIDED OCTOBER 19, 1993 —
RECONSIDERATION DENIED NOVEMBER 10, 1993 

*Lane, O'Brien, Caswell & Taylor, Richard T. Taylor*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Andrew T. Rogers, R. Javoyne Reed, W. Cliff Howard, Assistant Solicitors*, for appellee.