A00A0150. RABURN BONDING COMPANY v. STATE OF GEORGIA.
(535 SE2d 763)

SMITH, Presiding Judge.

Raburn Bonding Company appeals from the trial court's denial of its motion for return of bond. Raburn posted a misdemeanor bond for David L. Rolack in June 1998. Rolack failed to appear for trial in August 1998, and bond was forfeited on December 16, 1998. On February 5, 1999, Raburn paid the full amount of the judgment, $2,210. On May 21, 1999, Raburn filed a motion for return of bond, alleging that it had acted with due diligence and used all practical means to secure Rolack's presence after he failed to appear for trial, but that Rolack was on active military duty, which prevented his return to the jurisdiction. The trial court denied the motion, finding that because the State received no benefit, the return of Raburn's bond would be a gratuity and therefore impermissible under the reasoning of *AAA Bail Bonding Co. v. State of Ga.,* 259 Ga. 411 (383 SE2d 125) (1989). The trial court concluded that under OCGA § 17-6-31, when the principal is not surrendered to the court, the bondsman may receive a remission only if application is made before a final judgment on the appearance bond is entered. We disagree with this reasoning, and we reverse the judgment below.

Our disagreement centers on two points: the trial court's appar-

---

ent conclusion that in addition to modifying subsection (1) of OCGA § 17-6-31 (d), the phrase "prior to entry of judgment" in subsection (d) (1) also modifies subsections (d) (2) (A) and (B) and subsection (f) of the statute; and the trial court's conclusion that the reasoning in *AAA Bonding* applies in this case.

1. OCGA § 17-6-31 (d) provides:

(1) Furthermore, the surety shall be released from liability if, prior to entry of judgment, there is: (A) A deferred sentence; (B) A presentence investigation; (C) A court ordered pretrial intervention program; (D) A court ordered educational and rehabilitation program; (E) A fine; (F) A dead docket; or (G) Death of the principal.

(2) Furthermore, the surety may be released from liability at the discretion of the court if: (A) The principal used a false name when he or she was bound over and committed to jail or a correctional institution and was subsequently released from such facility unless the surety knew or should have known that the principal used a false name; and (B) The surety shows to the satisfaction of the court that he or she acted with due diligence and used all practical means to secure the attendance of the principal before the court.

Raburn contends it is entitled to a remission of the bond even after the entry of judgment because it satisfied OCGA § 17-6-31 (d) (2) (B) by acting with due diligence and all practical means to secure Rolack's attendance. It tracked Rolack down, but it was unable to return him to the court. Raburn argues that the plain language of the statute demonstrates that the phrase "prior to entry of judgment" in (d) (1) was not meant to apply to (d) (2). It argues that (d) (1) and (d) (2) are entirely distinct. Raburn points to the use of the word "shall" in (d) (1), indicating that prior to the entry of judgment the trial court *must* remit the bail upon the happening of the conditions enumerated there. Subsection (d) (2), on the other hand, provides that the court "may" remit the bond under the conditions specified there, and in this case, the trial court concluded it had no discretion because judgment had been entered.

But both Raburn and the trial court ignore the fact that subsections (d) (2) (A) and (B) are written in the conjunctive and both (A) and (B) therefore must be true for subsection (d) (2) to apply: The principal must have given a false name when bound over and then released, *and* the surety must show due diligence. No indication exists that the General Assembly intended to use "and" other than in its usual conjunctive meaning. *Harrison v. Wigington*, 269 Ga. 388, 390 (497 SE2d 568) (1998). Because Rolack did not use a false name,

subsection (d) (2) has no application here.

2. We turn to subsection (f) of the statute. It provides: "No judgment shall be rendered on any appearance bond if it is shown to the satisfaction of the court that the surety was prevented from returning the principal to the jurisdiction because such principal was on active military duty." This subsection, unlike subsection (d), is not couched in terms of releasing the bondsman from liability; it prohibits entry of judgment on an appearance bond if the condition in the subsection is met.

That difference undermines the trial court's conclusion that the reasoning of *AAA Bonding* has application to this subsection. In *AAA Bonding*, the Supreme Court held that the bondsman was entitled to a remission because in returning the principal to the court, the bondsman conferred a benefit upon the State, and therefore no gratuity was involved. Id. at 411. But it does not necessarily follow that a gratuity is *always* involved when the principal is not returned to the jurisdiction. And we conclude that no gratuity was involved in this case.

A bond is a transaction in the nature of a contract among three parties: the State, the principal, and the bondsman.

> Where one accused of crime is released on bond, he is transferred from the custody of the sheriff to the legal, but friendly, custody of the bail, whose dominion is a continuance of the original imprisonment, but they may at will surrender him again to the custody of the law.

(Punctuation omitted.) *Coleman v. State*, 121 Ga. 594, 597 (1), (2) (49 SE 716) (1905). The principal promises to appear at trial, the State releases the principal, the principal pays the bondsman, and the bondsman guarantees the principal's appearance at trial. When the principal returns or is returned to the jurisdiction, all the parties to the contract have performed.

Subsection (f) of the statute involves a situation in which the contract has not been fully performed; it has been canceled because of the impossibility of performance by the bondsman. "If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." OCGA § 13-4-23. Rolack's conduct in obeying his orders to move to Germany brought the contract within the purview both of OCGA § 17-6-31 (f) and of OCGA § 13-4-23. Raburn was prevented from performing its part of the contract because Rolack was on duty with the Army in Germany. And because it was impossible for Raburn to perform because of Rolack's conduct, Raburn's performance was excused. No judgment should have been entered on the

bond in the first place, and no gratuity is involved in remitting the bond, because the contract is unenforceable.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 9, 2000.

*William J. Sussman*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.