A00A1326. DELTA BAIL BONDS v. STATE OF GEORGIA.
(538 SE2d 146)

BARNES, Judge.

Delta Bail Bonds ("Delta") appeals the trial court's judgment of forfeiture on an appearance bond in the amount of $38,550. Delta posted the bond on behalf of a defendant named Andre Ray Davis, who was arrested for trafficking illegal drugs, and then discovered that the name "Davis" was an alias. The defendant's real name was Raymond Alexander Hibbert, who was a Federal Bureau of Investigation fugitive wanted for murder. The trial court granted the State's motion for bond forfeiture made after Hibbert failed to appear for

---

arraignment. For the reasons that follow, we affirm.

OCGA § 17-6-31 (d) (2) provides that

> [T]he surety may be released from liability at the discretion of the court if: (A) The principal used a false name when he or she was bound over and committed to jail or a correctional institution and was subsequently released from such facility unless the surety knew or should have known that the principal used a false name; and (B) The surety shows to the satisfaction of the court that he or she acted with due diligence and used all practical means to secure the attendance of the principal before the court.

Delta presented evidence at the bond forfeiture hearing regarding the information it obtained when it wrote the bond and the steps it took to find Hibbert after it was told "Davis" was an alias. In its judgment of forfeiture, the trial court held that "the principal and the surety failed to appear and show cause why their obligation should not be forfeited." Delta argues on appeal that the court erred as a matter of law "when it found that no issue of due diligence was presented for consideration upon which to make a determination."

We disagree that the trial court did not consider whether Delta had acted with due diligence. At the hearing, the surety owner testified that she knew little about Hibbert when she wrote his bond and that she relied on the word of an attorney she knew well and Hibbert's purported aunt, who had called her. The only home address she had for the defendant was in Marion, South Carolina, which later investigation proved was an empty field. The trial court confirmed at the hearing that the surety knew in November 1998, two weeks after it issued the bond, that Hibbert had used an alias. While the surety owner testified that she "stirred up a lot of families" looking for Hibbert, including contacting his parents who had not seen him in years, she did not hire a private investigator until July 1, 1999, after Hibbert had failed to appear for arraignment, the trial court had issued a bench warrant, and the State had moved for bond forfeiture. The trial court read OCGA § 17-6-31 (d) (2) aloud and discussed the diligence issue with counsel.

While the court did not use the phrase "due diligence" in its order, it is clear from the hearing transcript that it considered the issue. After reviewing the record, we cannot say that the trial court abused its discretion and erred in issuing a judgment of forfeiture against Delta.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 8, 2000.

*Martin M. del Mazo*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.