S06Y0511. IN THE MATTER OF COATSEY ELLISON.

(627 SE2d 25)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation of the review panel of the State Disciplinary Board which recommends that Coatsey Ellison be suspended from the practice of law for a period of six months for his violations of Rules 1.3, 1.4, and 1.16 (d) of the Georgia Rules of Professional Conduct, and that he be required to complete six live hours of Continuing Legal Education in the area of Ethics prior to reinstatement. See Bar Rule 4-102 (d). The Court agrees.

"This court is bound by the review panel's findings of fact when there is 'any evidence' to support them." *In the Matter of Morse*, 265 Ga. 353 (456 SE2d 53) (1995). Although the testimony in this matter is conflicting, the record contains evidence sufficient to support the review panel's findings that after a client hired Respondent, a member of the Bar since 1988, to represent her regarding claims (personal and property) arising from an automobile accident, he did little work on her case, failed to return her phone calls, and failed to make himself available to advise her on the status of her claims; that these failures caused the client to suffer needless worry and concern over her case; and that once the client terminated Respondent's employment, his office failed to provide her with either a notice of withdrawal or a copy of her file which contained invoices and other documents she needed to prosecute her claims.

Based on the above, the Court agrees with the State Bar, the special master, and the review panel that Ellison violated Rules 1.3, 1.4, and 1.16 (d) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). In aggravation of discipline, we note that prior to this matter Respondent twice has been subjected to discipline, having received a Formal Letter of Admonition on April 16, 2001 for violating Standard 32 and an Investigative Panel Reprimand on August 10, 2001 for violating Standards 22 and 44. This prior discipline suggests a pattern of misconduct. Moreover, the evidence suggests that Respondent refuses to acknowledge the wrongful nature of his conduct and that the victim in this case was vulnerable. In mitigation of discipline, however, we note that Respondent's actions were not

motivated by a dishonest or selfish motive and that Respondent suffered a physically disabling illness during the period that he represented the client. For these reasons and because we find that Respondent's exceptions to the report and recommendation of the review panel are untimely and without merit, we accept the review panel's recommendation and hereby order that Respondent be suspended from the practice of law for a period of six months, and that he must complete six live hours of Continuing Legal Education in the area of Ethics prior to reinstatement. He is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur, except Hunstein, P. J., who dissents.*

DECIDED FEBRUARY 27, 2006.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Robert L. Mack, Jr.,* for Ellison.

