A06A0374. STATE OF GEORGIA v. A 24 HOUR BAIL BONDING.
(634 SE2d 99)

PHIPPS, Judge.

The state appeals an order of the superior court releasing the surety from liability on a criminal appearance bond even though the principal on the bond failed to appear for trial. After considering evidence introduced at a hearing, the court released the surety from liability under OCGA § 17-6-31 (d) (2) based on findings that the principal had been committed to and released from jail under a false name and that the surety had acted with due diligence in attempting to locate him. Because the evidence was insufficient to support the former finding, we reverse.

Following his arrest, an indictment was returned in the Superior Court of Cobb County charging Hisal Felrola Hernandez and others with trafficking in more than 400 grams of cocaine and possession of a firearm during the commission of a crime. At about the time the indictment was returned, the court approved Hernandez's release from pretrial detention upon posting a $500,000 bond. Several months

later, the bond was posted through A 24 Hour Bail Bonding ("A 24") as surety for Hernandez as principal. The superior court subsequently ordered A 24 to appear and show cause why the bond should not be forfeited based on the principal's failure to appear at the call of the case. A 24 filed a motion to be released from liability on the bond pursuant to OCGA § 17-6-31 (d) (2), which the court granted.

At the hearing, A 24 sought to show that the bond principal's true name is Hermero Hernandez Perez. Kim Corley, co-owner of A 24, testified that A 24 issued the bond at the request of the girlfriend of the principal. The girlfriend represented to A 24 that the principal's name is Hisal Felrola Hernandez, the name under which he had been indicted. And the book-in sheet from the facility where the principal had been detained likewise stated that his name is Hisal Felrola Hernandez. But the book-in sheet showed that he is also known as Homero Hernandez.

Following the principal's failure to appear at trial, A 24 conducted an investigation which showed the Social Security Administration had issued a social security number to him under the name Homero Hernandez Perez and that the Mexican Consulate's office had issued a passport to him in the name Homero Hernandez Perez. The court admitted a purported photocopy of Homero Hernandez Perez's Mexican passport in evidence over objection by the state that it had not been properly authenticated. Also over objection by the state, the court admitted a supposed computer printout from the Social Security Administration verifying that the subject social security number had been issued to Homero Hernandez Perez.

1. The state contends that the trial court erred in admitting the photocopy of the principal's purported passport in evidence.

At the hearing, Corley testified that after the principal failed to appear at trial, an unidentified Hispanic man who did not speak very fluent English came to her office with an original Mexican passport which he said belonged to the principal. Corley made a photocopy of the passport. The court admitted the photocopy over the state's objection that it had not been authenticated.[1] That objection should have been sustained. A passport is a document whose authenticity, like any other, must be apparent or proved.[2] Statements by counsel at the hearing below showed that the Mexican Consulate's office had refused to provide any written certification as to the genuineness of

---

[1] Compare *Sinkora v. Wlach*, 35 NW2d 40, 47 (Iowa 1948) (affirming trial court's admission of passport original).

[2] See *Barnett v. Barnett*, 451 SW2d 939, 942 (Tex. Civ. App. 1970), disapproved on other grounds, *Davis v. Davis*, 521 SW2d 603 (Tex. 1975); compare *Robert Stovall Family, L.P. v. Carroll County Water Auth.*, 255 Ga. App. 223, 224 (564 SE2d 763) (2002) (admission of evidence on grounds of relevancy rests largely within discretion of trial court).

the purported passport photocopy and had claimed immunity when served with a subpoena to appear in court to verify the genuineness of the document.

2. The state contends that the court erred in admitting the purported social security computer printout in evidence. We agree.

The printout bears the signatures of Vanessa Kenney and William R. Roberts. According to A 24's investigator, Kenney was the official at the Social Security Administration who provided him with the printout and Roberts was the notary public. This printout was in no way authenticated by any type of certification.[3] Nor does it show that Kenney was the custodian of the record or that Roberts was notarizing the document; it simply bears their signatures. And although A 24 might have sought to admit the computer printout under the business records hearsay exception,[4] it did not do so. Consequently, the court erred in overruling the state's objection to admission of the document.

3. The state also complains of the court's admission, over objection, of opinion testimony by Corley and by two investigators employed by A 24 to locate the principal as to the true name of the principal. We agree that the court erred in admitting this testimony.

A 24 sought to admit evidence of the witnesses' opinions as to the principal's true name based on their experience and expertise as bail bondsmen or bail recovery investigators. "[W]hile expert opinion testimony is admissible, even as to the ultimate issue, such opinion evidence is admissible only 'where the conclusion of the expert is one which [the trier of fact] would not ordinarily be able to draw for [himself], i.e., the conclusion is beyond the ken of the average layman.' "[5] Determination of the principal's true name did not require the drawing of a conclusion beyond the ken of the average layman. Under the circumstances present here, A 24 was attempting to use the expert opinion as nothing more than a conduit for admission of the hearsay on which the opinion was based. That is not permissible.[6]

4. This brings us to the state's claim that the court abused its discretion in releasing A 24 from liability on the bond under OCGA § 17-6-31 (d) (2).

OCGA § 17-6-31 (a) through (c) provide for a surety's release from liability on a criminal appearance bond by surrender of the principal either before or at trial. OCGA § 17-6-31 (d) (1) (A) through (G)

---

[3] See generally *Edmonds v. State*, 201 Ga. 108, 128-132 (6) (39 SE2d 24) (1946).

[4] See *Robertson v. State*, 210 Ga. App. 834, 835-836 (2) (437 SE2d 816) (1993).

[5] *Carter v. State*, 266 Ga. App. 691, 693 (2) (598 SE2d 76) (2004) (citation omitted).

[6] Cf. *Hall County v. Merritt*, 233 Ga. App. 526, 528 (2) (504 SE2d 754) (1998).

provide for the surety's release from liability if the charges against the principal are resolved in other ways, such as by the dead docketing of the case or the principal's death.[7] Further, OCGA § 17-6-31 (d) (2) provides that

> the surety may be released from liability at the discretion of the court if: (A) The principal used a false name when he or she was bound over and committed to jail or a correctional institution and was subsequently released from such facility unless the surety knew or should have known that the principal used a false name; and (B) The surety shows to the satisfaction of the court that he or she acted with due diligence and used all practical means to secure the attendance of the principal before the court.[8]

Although OCGA § 17-6-31 (d) (2) thus vests the court with discretion in deciding whether to release the surety from liability on the bond,[9] the court is not authorized to exercise such discretion absent findings that the conditions set forth in both (A) and (B) have been met.[10] Whether the principal used a false name is a question of fact. "The appellate standard of review for bench trials of material facts is the 'clearly erroneous' test, also known in civil cases as the 'any evidence' rule. Regardless of whether evidence supports an opposite finding, we construe the evidence in favor of the trial court's finding and affirm if there is any evidence to support it."[11]

In view of our holdings in Divisions 1 through 3, A 24 failed to present any competent evidence of the principal's true name. A 24, therefore, failed to show that Hisal Felrola Hernandez is a false name. Moreover, evidence presented at the hearing below showed that when it issued the bond, A 24 had not obtained any documentation or corroboration of the principal's true name. And although the principal was indicted under the name Hisal Felrola Hernandez, information provided to A 24 by the Cobb County detention center showed that he was also known as Homero Hernandez. Under these circumstances, A 24 is hardly in a position to assert that it had no reason to believe that Hisal Felrola Hernandez was not the principal's true name.

*Judgment reversed. Ruffin, C. J., and Smith, P. J., concur.*

---

[7] *Raburn Bonding Co. v. State of Ga.*, 244 Ga. App. 386, 387 (1) (535 SE2d 763) (2000).

[8] Id.

[9] See *Delta Bail Bonds v. State of Ga.*, 245 Ga. App. 491, 492 (538 SE2d 146) (2000).

[10] See *Raburn*, supra.

[11] *Cannon Air Transport Services v. Stevens Aviation*, 249 Ga. App. 514, 516 (2) (548 SE2d 485) (2001) (footnotes omitted).

DECIDED JUNE 28, 2006 —
RECONSIDERATION DENIED JULY 13, 2006 — 

*Patrick H. Head, District Attorney, Amelia G. Pray, Andrew J. Saliba, Assistant District Attorneys,* for appellant.
*Pugh, Barrett, Canale & Leslie, Joel C. Pugh,* for appellee.