A07A1882. NORTHINGTON v. THE STATE.
(650 SE2d 760)

BLACKBURN, Presiding Judge.

Following a jury trial and the denial of his motion for new trial, Northington appeals his conviction for battery, arguing that his initial counsel below falsely assured him that his case would not be tried until counsel's six-month suspension from practicing law had expired, and that therefore counsel would represent Northington at trial. In fact, another attorney had to represent Northington at trial when the trial took place during the suspension period. Because evidence supports the trial court's finding that no such false assurance was made, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that during an argument with his wife in June 2005, Northington repeatedly struck her in the face and head, resulting in visible bruising injuries to her face and eye. Denying that he struck his wife, Northington claimed that his wife attacked him, and that he simply held her arms to prevent further assaults upon him.

In August 2005, Northington was charged with battery,[2] simple battery,[3] and making harassing phone calls.[4] He hired attorney Coatsey Ellison to represent him. In February 2006, however, the Supreme Court of Georgia suspended attorney Ellison from practicing law for a period of six months. *In the Matter of Coatsey Ellison*.[5] Construed in favor of the trial court's ruling on the motion for new trial, see *State of Ga. v. A 24 Hour Bail Bonding*,[6] the evidence further shows that attorney Ellison informed Northington of the suspension, advised him that he needed new counsel, told him that attorney Ruby Thomas was taking over his office during the suspension, and advised him that unless Northington objected, attorney Thomas would take over the case under the same financial arrangement. The State Bar also informed Northington of the suspension as did attorney Ellison's

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] OCGA § 16-5-23.1 (a).
[3] OCGA § 16-5-23 (a).
[4] OCGA § 16-11-39.1 (a).
[5] *In the Matter of Coatsey Ellison*, 280 Ga. 303 (627 SE2d 25) (2006).
[6] *State of Ga. v. A 24 Hour Bail Bonding*, 280 Ga. App. 463, 466 (4) (634 SE2d 99) (2006).

assistant, who spoke to Northington about the substitution of counsel. In March 2006, attorney Thomas substituted as counsel in the case (with no objection from Northington) and successfully sought a continuance.

When the trial court denied a second continuance, a trial ensued in May 2006. The jury acquitted Northington of the charges for simple battery and harassing phone calls but found him guilty on the battery charge.

Hiring appellate counsel, Northington moved for a new trial, contending that he was deprived of his Sixth Amendment right to counsel. Specifically, Northington argued that attorney Ellison had falsely assured him (i) that Ellison's suspension from the practice of law would expire before Northington's case came to trial, and (ii) that therefore attorney Ellison would represent him at trial. At the hearing on the motion, attorney Ellison testified that he made no such assurances to Northington. Moreover, attorney Thomas testified that Northington never objected to her representing him nor did he ever ask her to withdraw. The court denied the motion, giving rise to this appeal.

Northington's sole enumeration of error is that attorney Ellison's "false promise that he would represent Appellant at trial even though he had been suspended from the practice of law violated Appellant['s S]ixth amendment right to counsel." Citing *United States v. Gonzalez-Lopez*,[7] Northington claims that he was denied his choice of counsel guaranteed by the Sixth Amendment when attorney Ellison subsequently did not represent him at trial. However, even *Gonzalez-Lopez* recognized that a defendant may not "insist on representation by a person who is not a member of the bar. . . ." 126 SC at 2565 (IV). Moreover, setting aside Northington's failure to object to attorney Thomas's representation, we hold that attorney Ellison's denial of the alleged promise gave the trial court sufficient grounds for finding that no such promise occurred, which eliminated the key factual premise for Northington's argument on appeal. See *Burdette v. State*[8] (court may believe trial counsel's testimony over that of defendant). Inasmuch as Northington does not challenge the trial court's finding that attorney Thomas's representation was effective (indeed, that representation resulted in an acquittal on two of the three charges, which would tend to indicate it was effective, see *Fogarty v. State*[9]), we discern no reversible error.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

---

[7] *United States v. Gonzalez-Lopez*, 548 U. S. 140 (126 SC 2557, 165 LE2d 409) (2006).

[8] *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005).

[9] *Fogarty v. State*, 270 Ga. 609, 613 (513 SE2d 493) (1999).

DECIDED AUGUST 2, 2007.

*Theodore Johnson*, for appellant.

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General, Margaret L. Gilmore*, for appellee.