A10A0018. STATE OF GEORGIA v. ANYTIME BAIL BONDING, INC.

(690 SE2d 193)

ANDREWS, Presiding Judge.

The State of Georgia brings this appeal from a trial court's order setting aside the forfeiture of a bond posted by the surety Anytime Bail Bonding, Inc. The State argues that the trial court abused its discretion when it found that the surety acted with due diligence in its investigation of the principal's identity. We disagree and therefore affirm.

OCGA § 17-6-31 (d) (2) provides:

[A] surety may be released from liability at the discretion of the court if:

(A) The principal used a false name when he or she was bound over and committed to jail or a correctional institution and was subsequently released from such facility *unless*

*the surety knew or should have known that the principal used a false name*; *and*

(B) The surety shows *to the satisfaction of the court that he or she acted with due diligence* and used all practical means to secure the attendance of the principal before the court.

(Emphasis supplied.) "[S]ubsections (d) (2) (A) and (B) are written in the conjunctive and both (A) and (B) therefore must be true for subsection (d) (2) to apply: The principal must have given a false name when bound over and then released, *and* the surety must show due diligence." *Raburn Bonding Co. v. State of Ga.*, 244 Ga. App. 386, 387 (1) (535 SE2d 763) (2000). We review a trial court's findings as to a surety's due diligence for an abuse of discretion, and will affirm unless those findings are clearly erroneous (i.e., not supported by any evidence). *State of Ga. v. A 24 Hour Bail Bonding*, 280 Ga. App. 463, 466 (634 SE2d 99) (2006); *Delta Bail Bonds v. State of Ga.*, 245 Ga. App. 491, 492 (538 SE2d 146) (2000).

So viewed, the record shows that the City of Forest Park Police Department arrested Eriberto Magana on June 9, 2007. Magana was charged with three counts of aggravated assault and other crimes in connection with a burglary. In January 2008, Jose Escalera tried to obtain a bond for Magana from A & B Bonding Co. A & B contacted Anytime concerning the matter because A & B could not write bonds in Clayton County. Escalera provided Anytime with a current Georgia driver's license, a social security number, a current and previous residential address, and bank and employment information. After A & B verified this information and Escalera paid $66,640.50, Anytime posted bond in that amount for Magana.

After Magana was released from the Clayton County jail, he completed a bond application including his address (at the same location given by Escalera), a phone number with an out-of-state area code, and a five-year employment history at an automotive audio shop in Forest Park. Magana did not provide social security or driver's license numbers, however, and Magana's citizenship on the bond application was given as Mexican.

On February 18, 2008, Magana failed to appear for trial, and a bench warrant for his arrest was issued. A & B and its agents eventually determined that Magana had been held in the Fulton County jail under the name Jesus Morales and that he was now in the custody of immigration officials in Texas. The trial court issued a forfeiture order, and Anytime paid $66,640.50 to the Clayton County Sheriff's Office.

On March 30, 2009, Anytime moved to set aside the forfeiture on

the ground that it had acted with due diligence. At the hearing on Anytime's motion, its owner testified that he called the Clayton County jail to obtain information on Morales; that at the time of the application, Clayton County did not permit sureties to examine booking sheets; and that he reviewed the county web site, which did not show that Morales was known by any other name. Anytime's owner also testified that he had no access to the Georgia Crime Information Center (GCIC) or National Crime Information Center (NCIC) databases, that the information available was limited to "what's on the computer . . . and you get what you're told over the phone," and that the company had "no way of knowing" that "Magana" was a false name. The trial court granted Anytime's motion, and Clayton County filed this appeal on the State's behalf.

The parties stipulated below that there was no issue as to Anytime's due diligence after Morales failed to appear. Based on the evidence outlined above, we cannot say that the trial court abused its discretion when it concluded that Anytime did not and should not have known that "Magana" was Morales's false name. The trial court found that Anytime routinely and reasonably relied on the Clayton County jail to alert it as to aliases, that it verified the guarantor Escalera's information, and that it had no access to state and national databases that might have shown that "Magana" was a false name. The mere fact of Morales's status as a Mexican national does not authorize us to reverse the trial court's discretionary judgment that the surety exercised due diligence in its investigation. Because some evidence supports that judgment, it will stand. See *Delta Bail Bonds*, 245 Ga. App. at 492 (trial court did not abuse its discretion in ordering forfeiture when the record contained some evidence that the surety was less than diligent); compare *A 24 Hour Bail Bonding*, 280 Ga. App. at 465 (4) (trial court abused its discretion in releasing surety when county jail gave the surety information including the principal's false name).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 31, 2009.

*Christie C. Barnes*, for appellant.
*Steven E. Lister, Cliffe L. Gort*, for appellee.