E. J. LAMP, plaintiff in error, *vs.* JAMES M. SMITH, governor, defendant in error.

1. A *nolle prosequi* of a bill of indictment is a termination of the case pending on that bill, with all recognizances and other incidents of that particular prosecution.  A new bill for the same offense is a new case.
2. It follows that the forfeiture of a recognizance against a surety for the appearance of defendants to answer the old bill of indictment, so *nol. pros'd*, is without authority of law.  When that indictment was *nol. pros'd* the surety upon a bond growing out of it, either to take the case to the supreme court or to answer in the court below, was discharged.

Criminal Law.    Indictment.    Principal and security. Before Judge KNIGHT.    Milton Superior Court.    March Term, 1876.

Reported in the opinion.

GEORGE N. LESTER; E. P. HOWELL, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for defendant.

JACKSON, Judge.

Camp signed Hembree's bond for appearance to get a *supersedeas* to take the latter's case to the supreme court. The supreme court reversed the judgment below, pronouncing the indictment bad.    The court below caused that judgment to be entered of record in the superior court as its judgment, and the solicitor general *nol. pros'd* the indictment, and preferred a new bill of indictment, which was found true by the grand jury.    Hembree failed to appear to answer *the new bill*, and his recognizance to take the case up on *the old bill* was forfeited against him and Camp, his surety.    From the judgment forfeiting this bond, Camp appeals to this court, and assigns for error the judgment of forfeiture.

When the first bill was *nol. pros'd* that case was terminated, and with it ended all incidents to it, including any bond connected with it.    The security on any such bond was

relieved at that moment, as much as he would have been by the verdict of a jury. The new bill was a new case, for which and upon which a new recognizance should have been taken with new security, Camp or some one else. The solicitor, before he *nol. pros'd* the old bill, could have held Camp bound to cause defendant to answer and appear, but the moment he *nol. pros'd* it, he lost his power over Camp. Before he *nol. pros'd* that bill and got the new one, he should have called the defendant and bound him over again. If the defendant had not appeared, Camp would have been liable then, because the case was pending on which he was surety, but when that case was *nol. pros'd* Camp was released.

All the facts were of record, the solicitor general and the court were bound to take knowledge of them, the court certifies their truth, and the record sustains his certificate. If, through inadvertence or haste, he granted the judgment of forfeiture, it is not the less error against the surety, and we must reverse the judgment.

Judgment reversed.