## CAUTHEN *et al. vs.* THE BARNESVILLE SAVINGS BANK.

1. To cause a continuance, it is not sufficient to show the absence of one's client from providential cause ; it should also appear that his presence is necessary to assist in conducting the case.
2. If counsel voluntarily absents himself from the court, taking the risk of his case being called, that it is called and heard in his absence is no ground for new trial, at the instance of his client.

November 21, 1882.

JACKSON, Chief Justice.

---

## ARCHER *et al. vs.* THE STATE OF GEORGIA.

1. In an indictment for playing and betting at " chuckluck," it is sufficient to allege that money was bet, without specifying whether it was gold, silver or bank notes. 20 *Ga.,* 153.
2. Section 4540 of the Code provides for the punishment of one who keeps a faro table or other like table, while section 4541 provides for the punishment of one who bets at such table or on certain specified games, one of which is "chuckluck ".
3. An indictment which charged that the defendants played and bet with each other, is sustained by proof that they played at the same game and bet, although they all bet against the man who presided at the game.

September 19, 1882.

JACKSON, Chief Justice.

---

## MANN *vs.* ARCHER, sheriff, *et al.*

69c 767
105 282

Where no motion for new trial is made, the evidence should be embodied in the bill of exceptions, or attached as an exhibit thereto, and properly identified. A rule to distribute money having been tried on an agreed statement of facts, and exceptions been taken to the ruling thereon, the embodiment in the record of what purports to be a copy of the agreement, signed by counsel, is not sufficient.