## HUDSON v. THE STATE.

In an indictment for bastardy, under section 642 of the Penal Code, it is necessary to allege that the person accused is the father of the bastard child. This not being alleged in the indictment in the present case, evidence that the accused was the father of the child was not admissible.

Submitted June 7, — Decided July 18, 1898.

Indictment for bastardy. Before Judge Spence. Dougherty superior court. April term, 1898.

*Walters & Wallace*, for plaintiff in error.
*W. E. Wooten, solicitor-general*, and *J. D. Pope*, contra.

SIMMONS, C. J. An indictment against John Hudson charged him with being the putative father of a bastard child. On the trial, State's counsel offered evidence to show that the accused was the actual father of the child. This evidence was objected to by the accused, and the objection overruled. The accused was convicted, made a motion for a new trial, and to the judgment overruling this motion excepted. The motion was based upon the admission of the evidence to which objection had been made. Under the ruling of this court in the case of *Locke* v. *State*, 3 *Ga.* 534, and the dictum of Lumpkin, J., in *Huff* v. *State*, 29 *Ga.* 426, it is necessary, in an indictment for bastardy under our statute, to charge the accused with being the actual father of the child. The indictment in the present case did not so charge, but State's counsel undertook to show by evidence that the accused was in fact the father. It not being alleged in the indictment that the accused was the father, the allegation could not be supplied by proof. Being the putative father of a child is quite different from being its father. A person may have the reputation, in the neighborhood or over the county, of being the father of a child, when an investigation would make it appear that he is not the actual father.

It is argued, however, that since the adoption of the new Penal Code (1895), it is not necessary to allege in the indictment that the accused is the actual father of the bastard child, because, it is claimed, the code leaves out the words, which were in the older codes: "and on conviction of the fact of being the

father of such bastard child or children, and of his failure or refusal to give such security, shall be punished," etc. We think that' the omission of these words did not change the definition of the offense. In the original act and in all of the codes since 1863, the offense was defined as it is now defined in the Code of 1895. The words omitted simply prescribed what was necessary to be proved on such a trial. It is still necessary that these things be proved in order to convict; and it is necessary, according to the decision in the case of *Locke* v. *State*, supra, to allege that the accused is the father of the child. There being, in the indictment, no allegation that the accused was the father of the child, it was error to admit the evidence to that effect which was objected to by the accused.

*Judgment reversed. All the Justices concurring.*