TAYLOR *et al. v.* SMITH, Governor, *et al.*

FISH, C. J. 1. Under the rulings made in *Lamp* v. *Smith*, 56 *Ga.* 589, and *Smith* v. *Craig*, 59 *Ga.* 882, it must be held that the indictment, to answer which a recognizance has been given, constitutes a part of the record of a scire facias brought to recover judgment on the forfeiture of such recognizance.

(a) The rulings made in *Colquitt* v. *Solomon*, 61 *Ga.* 492 (2), upon which the trial judge based his judgment in the present case, in so far as it may be in conflict with said prior rulings, must yield to them.

2. It follows that in a motion to set aside a judgment absolute, rendered in such scire facias, the indictment should be considered as part of the record in the scire-facias case.

3. As recognized by the trial judge, it is necessary to allege in an indictment for bastardy, under the Penal Code, § 642, that the person accused is the father of the bastard child; a charge that he is the putative father is not sufficient. *Hudson* v. *State*, 104 *Ga.* 723 (30 S. E. 947).

4. A motion to set aside a judgment absolute, rendered in scire facias on a forfeited recognizance, is not a criminal proceeding; and therefore a bill of exceptions assigning error upon the dismissal of such motion on demurrer is not required to be certified within twenty days from the judgment of dismissal.

*Judgment reversed. All the Justices concur.*

Argued June 18.—Decided December 23, 1909.

Motion to set aside judgment. Before Judge Charlton. Chatham superior court. December 30, 1908.

*A. L. Alexander,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* and *W. W. Osborne,* contra.