18617.  FARMERS STATE BANK v. MADDOX COFFEE COMPANY
et al.

LUKE, J.  A motion for a new trial, being a motion addressed to the sound discretion of the court, ought not to be sustained upon the ground that the movant was not present in court at the time of the trial, where the absence was not due to accident or adventitious circumstance; the inquiry in such a case being limited to questions of due diligence, and not extending to a consideration of the merits of the proposed defense.  For this reason the court erred in granting the motion for a new trial in this case.

*Judgment reversed.  Broyles, C. J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED MARCH 7, 1928.

Claim; from city court of Carrollton—Judge Hood.  November 8, 1927.

*Boykin & Boykin,* for plaintiff.  *S. Holderness,* contra.

New Trial, 29 Cyc. p. 856, n. 78; p. 1008, n. 48.

18619.  PERKINS v. THE STATE.

BROYLES, C. J.  The defendant was convicted of selling whisky.  The undisputed evidence for the State showed that he did not sell the whisky, but that, acting as agent for the purchaser, he bought the whisky from a third person and delivered it to the purchaser.  It follows that his conviction was unauthorized, and that the refusal to grant him a new trial was error.

*Judgment reversed.  Luke, J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED MARCH 7, 1928.

Selling intoxicating liquor; from city court of Carrollton—Judge Hood.  November 4, 1927.

*Smith & Millican,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

Intoxicating Liquors, 33 C. J. p. 595, n. 52.