40592.   CURCIO et al. v. SANDERS, Governor.

DECIDED APRIL 7, 1964.

*H. A. Wilkinson, Farkas, Landau & Davis, Edmund A. Landau, Jr.,* for plaintiffs in error.

*Joe M. Ray, Solicitor General, Jesse G. Bowles,* contra.

JORDAN, Judge. The defendants have abandoned their contention that the return of the true bill of indictment on June 4, 1962, was barred by the statute of limitation. Accordingly, the sole question for our determination may, as suggested by counsel for the defendants, be stated as follows: Where one has been arrested on a warrant, and has executed an appearance bond with a surety thereon, and one grand jury has returned a "no bill" as to the charge against the accused, does the return of such "no bill" release the principal (the accused) and also the surety, where the case has been reopened and a true bill has been found against the accused at a subsequent term of the grand jury?

It is our opinion that this question must be answered in the affirmative under the decision of the Supreme Court in *Lamp v. Smith*, 56 Ga. 589. It was there held that a nolle prosequi of a bill of indictment is a termination of the case pending on that bill, with all recognizances and other incidents of that prosecution; and that the forfeiture of a recognizance against a surety for the appearance of the defendants to answer the old bill of indictment, so nol prossed, is without authority of law as the surety upon the bond growing out of the old indictment was discharged when said indictment was nol prossed.

Unquestionably, a like effect must be given to the return of a "no bill" of indictment as is clearly demonstrated by the decision of this court in *Lowry v. Thompson*, 53 Ga. App. 71 (184 SE 891), in which it was stated in headnote 1 that, "After the return of a first 'no bill,' the party against whom the indictment is sought is discharged without further answer . . ." and in the opinion as follows:

"Under the common law, 'When the grand jury have heard the evidence, if they think it a groundless accusation, they used formerly to indorse on the back of the bill, "ignoramus"; or, we know nothing of it: intimating, that though the facts might possibly be true, that truth did not appear to them; but now, they assert in English more absolutely, "not a true bill"; or (which is the better way) "not found"; and then the party is discharged without further answer. But a fresh bill may afterwards be preferred to a subsequent grand jury.' 4 Chitty's

Blackstone, 305. An Act approved January 29, 1850, which is set out in Cobb's Digest, 863, is entitled 'An Act to protect the people of this State from vexatious prosecutions in cases where grand juries may hereafter refuse to find true bills.' The preamble of this Act is as follows: 'Whereas, by existing laws, persons charged with crimes or misdemeanors are subject to be indicted on the same charge at different terms of our superior court, notwithstanding a grand jury, on an investigation of the charge or charges, may ignore a bill or bills of indictment and refuse to find a bill predicated upon such charge or charges, which is contrary to justice; and for remedy whereof.' And then follows the Act itself, which is condensed in the Code of 1933, § 27-702, as follows: 'Two returns of "no bill" by grand juries, on the same charge or accusation, shall be a bar to any future prosecution for the same offense, either under the same or another name, unless such returns have been procured by the fraudulent conduct of the person charged, on proof of which, or of newly discovered evidence, the judge may allow a third bill to be presented, found, and prosecuted.' It does not seem to me that this Act or Code section has changed the common law with reference to the fact that the defendant is entitled to be discharged without further answer after a return of a (the first) 'no bill' (*Gibson v. State,* 162 Ga. 504, 506, 134 SE 326), but the statute was passed, as it says, 'to protect the people of this State from vexatious prosecutions in cases where grand juries may hereafter refuse to find true bills.' "

It is true as contended by the State, that the return of a first "no bill" is no bar to the prosecution of the accused under a "true bill" subsequently returned, since under the provisions of *Code* § 27-702 the return of two "no bills" by grand juries on the same charge or accusation is necessary to constitute a bar to future prosecution for the same offense; but the accused is by operation of law discharged "without further answer" upon the return of the first "no bill," and is released from his recognizance along with the surety thereon, subject to being re-arrested and new recognizance required upon the initiation of a new bill of indictment within the time allowed by law. Unless and until such further action is taken by the State, he walks

the streets a completely free man and is entitled to all the privileges of freedom. If he is thus discharged by action of the court, it follows that his surety is discharged.

The trial court erred therefore in sustaining the general demurrer to the defendants' answer, and in entering final judgment in favor of the State.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*