## 42159. BRAWNER v. WILKINS.

FRANKUM, Judge. 1. Where a suit for unliquidated damages is in default and is tried before a jury in the absence of the defendant and his counsel, and where thereafter the defendant files a timely motion for a new trial on the general grounds only which the court overrules, the judgment overruling the motion, until it is reversed or set aside by some means known to the law, constitutes the law of the case that the verdict was authorized by the evidence. Accordingly, after having overruled such motion, the court did not have jurisdiction thereafter to grant an extraordinary motion for a new trial on the general grounds which was filed more than one year after the rendition of the verdict in the case and more than six months after the judgment overruling the original motion for a new trial.

2. In any case where a motion for a new trial is made more than 30 days after the entry of the judgment on the verdict, some good reason must be shown why the motion was not made within the time allowed by law. *Code Ann.* §§ 70-301

and 70-303. It is neither good reason for granting such an extraordinary motion nor grounds for a new trial that neither the defendant nor his counsel had knowledge that the case was on the calendar for trial on the day the verdict and judgment was rendered, or that counsel for the movant merely failed to appear to prosecute the original motion for a new trial, no reason for such failures being shown in the grounds of the extraordinary motion for a new trial. *Warren v. Purtell*, 63 Ga. 428; *Cauthen v. Barnesville Sav. Bank*, 69 Ga. 767; *Anderson v. Fulton County Home Builders*, 147 Ga. 104 (92 SE 934); *Lovelace v. Lovelace*, 179 Ga. 822 (177 SE 685); *Caylor v. Wheat*, 210 Ga. 429, 431 (2) (80 SE2d 688); *Farmers State Bank v. Maddox Coffee Co.*, 37 Ga. App. 804 (142 SE 198). Furthermore, even where the grounds of a motion for a new trial based on the failure of counsel to appear show providential cause therefor, it is essential, before it may be considered that the defendant show that it had a meritorious defense to the action. *Atkinson v. First Nat. Bank of Hawkinsville*, 138 Ga. 127 (2) (74 SE 1030).

3. The extraordinary motion for a new trial in this case wholly fails to set forth any facts constituting providential cause. Neither is it shown therein or by exhibit attached thereto that defendant has a meritorious defense to the plaintiff's claim. Under these circumstances the trial judge abused his discretion in granting the defendant's extraordinary motion for a new trial.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 6, 1966.

*Freeman & Hawkins, Thomas H. Harper, Jr., Paul M. Hawkins*, for appellant.