## 64168. COVINGTON v. SAXON.

BANKE, Judge.

This is a suit by the appellee to recover actual and punitive damages for the appellant's alleged breach of an agreement to procure automobile insurance coverage on his behalf. The case proceeded through discovery and was placed on the trial calendar for Monday, June 1, 1981. The attorneys for both parties appeared and announced ready, but the case was not reached for trial on that date. Appellant's counsel informed the judge that he wished to attend a meeting scheduled in Chicago on Friday; and appellee's counsel stated that he, too, had potential conflicts later in the week due to cases appearing on another trial calendar. The trial judge declined their suggestion that the case be continued to the next term but stated that he would attempt to accommodate them. Later that day, counsel for the appellant attempted to obtain clarification of this statement, and the judge told him that while it would not be necessary for him to appear in court each day to answer the calendar call, he should stay in contact with the court about the status of the case. Before leaving the courtroom, counsel checked with the clerk's office to determine whom he should contact with regard to the status of the judge's trial calendar. He was told merely to call a phone number which appeared on the calendar and which provided access to a recorded message for attorneys, jurors, and witnesses. Counsel called the number each day but received no information about his case.

Counsel became apprehensive on the following Thursday about whether he should try to attend his meeting in Chicago; and, since the trial judge had no calendar clerk or secretary due to his status as a senior judge, he (counsel) telephoned the secretary for the chief judge of the circuit in hopes of obtaining more information; however, the only information that the chief judge's secretary could give him was that she knew nothing about the status of his case. The case was nevertheless called for trial on that same day; and, because there was no appearance for the appellant, the answer was stricken and the case declared in default. The issue of damages was tried before a jury; and a verdict was returned in the amount of $5,856.50 actual damages, $3,142.64 interest, and $7,500 punitive damages. The appellant did not learn of this until more than 30 days had passed from the entry of judgment, at which time he filed an extraordinary motion for new trial and to set aside the judgment. This appeal is from the denial of that motion. *Held:*

1. An extraordinary motion for new trial which is based on the failure of the defendant and his counsel to appear for trial must set

forth facts showing providential cause therefor and must also set forth a meritorious defense to the plaintiff's claim. *Brawner v. Wilkins,* 114 Ga. App. 263, 264 (150 SE2d 721) (1966). See also *Southern Ariz. School &c., Inc. v. Morris,* 123 Ga. App. 67 (179 SE2d 548) (1970). Although the defendant's motion in this case set forth good cause for his failure to appear, it was defective in that it did not set forth a meritorious defense to the plaintiff's claim but instead contained merely a conclusory statement to the effect that a good defense existed. Thus, the trial court did not abuse his discretion in denying the motion.

2. Code Ann. § 81A-160 (d) provides that "[t]o be subject to motion to set aside, it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." The record in this case does not affirmatively establish that the appellee was not entitled to recover for breach of the alleged agreement to procure insurance. However, the complaint contains no allegation of fraud upon which an award of punitive damages could have been based. Thus, the motion to set aside should have been granted insofar as it related to the punitive damage award. See generally *Stroud v. Elias,* 247 Ga. 191 (1) (275 SE2d 46) (1981); Code § 20-1405.

3. The award of interest should also have been set aside. Although the claim was based on breach of a contractual obligation, the damages which were awarded were unliquidated in that they represented the consequential damages resulting from the failure to procure the insurance, rather than merely the amount paid for the premium. Interest on unliquidated damages may not be awarded by the jury but must be awarded by the trial court following compliance with the notice procedures set forth in Code Ann. § 105-2016. It is clear from the record in this case both that the award of interest was made by the jury and that the required notice was not given.

4. In accordance with the foregoing, the judgment of the trial court is affirmed insofar as it relates to the award of actual damages but is reversed insofar as it relates to the award of punitive damages and interest, and the case is remanded with direction that these portions of the judgment be written off.

*Judgment affirmed in part and vacated with direction in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1982 —
REHEARINGS DENIED SEPTEMBER 29, 1982 —

*John F. Davis, Jr.,* for appellant.
*Glyndon C. Pruitt,* for appellee.