## 71223. SAXON v. COVINGTON.
(342 SE2d 754)

BEASLEY, Judge.

This case involves interplay between OCGA § 9-11-60 (d) (motion to set aside) and OCGA § 5-5-41 (extraordinary motion for new trial) on the one hand, and OCGA § 9-11-60 (e) (complaint in equity to set aside a judgment) on the other hand.

Covington filed a complaint in equity against Saxon in DeKalb Superior Court seeking to have a Gwinnett Superior Court judgment based on default set aside. Saxon's answer set out among other defenses that a judgment in his favor had been affirmed by this court, except as to punitive damages and interest, in *Covington v. Saxon*, 163 Ga. App. 646 (295 SE2d 105) (1982), on the same cause of action and between the same parties, which was a full and final adjudication of the cause now sued on. That affirmance had been of the denial of an extraordinary motion for new trial and motion to set aside the judgment.

After an evidentiary hearing the DeKalb court found for Covington and set aside the former judgment. The order recited that the parties stipulated at the hearing that a bona fide dispute existed as to whether or not plaintiff would be entitled to relief on the merits, in the Gwinnett lawsuit. Based on the showing made with respect to how and why the default judgment was entered, the trial court held that Covington's and her counsel's non-appearance "was induced by an error in the court's notification process," and that the failure to receive proper notice of trial authorized the setting aside of a judgment under OCGA § 9-11-60 (d), citing *Brown v. C & S Nat. Bank*, 245 Ga. 515

(265 SE2d 791) (1980).[1]

Saxon attacks the DeKalb judgment on the grounds that the former decision made by the Gwinnett trial court and affirmed by the appellate court was res judicata, serving to bar the present action; that the judgment was contrary to law and the evidence and without evidence to sustain it; and that summary judgment, denied prior to the hearing on the merits, should have been granted.

Covington argues that the defense of res judicata is not available to Saxon because he failed to introduce evidence of the former judgment on which he relied. We find this argument unavailing as the whole purpose of Covington's equitable action was to eliminate that judgment. Its existence was not only not at issue; it was the focus of the fight.

Moreover, the record of the hearing on the motion for new trial in Gwinnett was made part of the record. This was the hearing which this court reviewed in *Covington v. Saxon*, supra, and Saxon relied on both it and our appellate decision. The Supreme Court recently liberalized judicial notice concepts in *Petkas v. Grizzard*, 252 Ga. 104, 107 (312 SE2d 107) (1984): "strict adherence to these rules prohibiting judicial cognizance by a trial court of records in its own court and of this court taking cognizance of records in other cases before this court frustrates the policy of judicial economy." In addition, even as to the law of another state or a foreign country one only need give notice in his pleadings or other written notice in order to trigger the court's awareness. OCGA § 9-11-43 (c). The evidence of the former hearing and the reference to our former decision is certainly enough for this court to take judicial notice of the prior proceedings involving the judgment and also enough for the trial court.

Strictly speaking it is not res judicata but collateral estoppel which is applicable here. "A plea of estoppel by judgment stems from the doctrine of res judicata where there has been a former adjudication of the same issues by the parties or their privies, even though the adjudication may not have been upon the same cause of action." *Lowe Engineers v. Royal Indem. Co.*, 164 Ga. App. 255, 258 (297 SE2d 41) (1982). Under this doctrine, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Moore v. State*, 254 Ga. 674, 675 (333 SE2d 605) (1985).

Although the lower court did not specify in the judgment appealed from which of the four statutory grounds it based the equitable relief on, it appears clear from the whole record that it concluded

---

[1] Notice that this rule relates to OCGA § 9-11-60 (d) motions to set aside, rather than to subsection (e) complaints in equity.

that "mistake" warranted equity's intervention. The court then set aside the judgment and enjoined the defendant from enforcing it. The basis for doing so was the very same basis which the complainant had urged before the trial judge in the hearing on her alternative motions to set aside and for new trial which were denied by the Gwinnett trial court. Hence, the court in the present action was in the same posture and was in effect redetermining what had already been set to rest.

In affirming the Gwinnett court, this court determined that Covington's motion was defective in that it did not set forth a meritorious defense to Saxon's claim. Both an extraordinary motion for new trial and a complaint in equity require the petitioner's showing that he has a good defense to the action at law. As to the first, see *Brawner v. Wilkins*, 114 Ga. App. 263, 264 (150 SE2d 721) (1966). See also *Southern Ariz. School &c. v. Morris*, 123 Ga. App. 67 (179 SE2d 548) (1970). As to the second, see *Baxter v. Weiner*, 246 Ga. 28, 29 (268 SE2d 619) (1980); *Frost v. Frost*, 235 Ga. 672 (221 SE2d 567) (1975). Thus, an essential element of Covington's complaint had already been determined conclusively against her in the former litigation. That being true, the trial court erred in setting aside the former judgment.

In addition, another fundamental principle requires reversal. A complaint in equity is provided when there is no adequate remedy at law. *Hartford Accident &c. Co. v. Hale*, 119 Ga. App. 565, 567 (168 SE2d 204) (1969). Here the complainant took full advantage of the remedies at law by filing her motions, appealing their denial, moving for rehearing, moving for reconsideration of that denial, and unsuccessfully seeking certiorari in the Supreme Court of Georgia. All of the issues raised below were raised or raisable in the court in which the judgment was entered, by the means employed, and thus there was no threshold cause for equity's intervention.

For this, and for the reason that the principle of estoppel by judgment applies, the trial court erred in granting the relief to complainant which she had been denied by the courts having jurisdiction over the case in the first place.[2]

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 13, 1986.

*Glyndon C. Pruitt, Walter M. Britt*, for appellant.

---

[2] We note that this whole thing could have been avoided by a telephone call, which would have eliminated this waste of trial and appellate court time, public resources, client money, and the time for depositions. On-going litigation to extricate a party from the agony of default judgments occurs all too often as the result of failure of communication. The bench and bar would well serve the public if simple courtesies were employed to rid the system of this sore.

*John F. Davis, Jr.*, for appellee.