A97A1493, A97A1494. ANYTIME BONDING COMPANY v. STATE OF GEORGIA (two cases).

(491 SE2d 399)

JOHNSON, Judge.

These two cases, which present identical facts and legal issues, were considered together below and will likewise be treated together on appeal.

Anytime Bonding Company posted appearance bonds for Jacqueline Evans and Cornell Fisher after they were arrested on drug charges. When Evans and Fisher failed to appear at their arraignment, the court ordered the bonds forfeited. The court also ordered Anytime Bonding, Evans and Fisher to show cause at a hearing why final judgment should not be entered and execution issued upon the forfeited bonds. Anytime Bonding filed a written objection to the entry of final judgment, claiming it did not receive proper notice of the execution hearing. Finding that the notice requirements of OCGA § 17-6-70 had not been complied with, the court ordered "that the final judgment not be entered on the forfeited bond[s] and execution not be issued, and that Scire Facias not be ordered."

A new arraignment date was scheduled, and notices of the arraignment were sent to Anytime Bonding, Evans and Fisher. When Evans and Fisher again failed to appear, the court issued new bond forfeiture notices and held a second hearing on the forfeitures. This time Anytime Bonding objected on the ground that the matter had previously been ruled upon and the action was therefore barred by the doctrine of res judicata. It also argued that the court violated OCGA § 17-6-71 (a) by waiting four days after the failure to appear before forfeiting the bonds and ordering an execution hearing. The trial court disagreed and entered final judgments in favor of the State of Georgia in the amounts of the bonds and ordered that execution be issued. Anytime Bonding appeals.

1. Anytime Bonding contends the January 1997 judgments are barred by the doctrine of res judicata. It claims that the court had already signed orders in October 1996 providing that final judgments should not be entered on the bonds, executions not be issued, and scire facias not be ordered. The earlier orders, it argues, resolved all

issues regarding the "responsibility of the surety."

The doctrine of res judicata does not apply in these cases. In general, a judgment sought to be used as a basis for the application of the doctrine of res judicata must be a final judgment. *Reid v. Reid*, 201 Ga. App. 530, 532-533 (411 SE2d 754) (1991); *Saxon v. Covington*, 178 Ga. App. 271, 272 (342 SE2d 754) (1986). The October orders were not final judgments. In fact, the orders specifically provide that final judgments should not be entered. Moreover, the court noted at the execution hearing in January 1997 that it signed the October 1996 orders so that Anytime Bonding would have time to locate Evans and Fisher. Thus, it is clear from the language of the prior orders and from the hearing transcript that the court intended to leave the cases open and did not intend the earlier orders to be final dispositions of the cases. And, inasmuch as bond forfeiture proceedings continue until final judgment pursuant to OCGA § 17-6-71 (b) is entered, the October orders did not mark the end of the proceedings. See *Spring-U Bonding Co. v. State of Ga.*, 200 Ga. App. 533 (408 SE2d 831) (1991). Finally, the October orders did not resolve all issues in the cases, only those involving notice to the surety regarding the first hearing and whether final judgments should be entered at that time. There was no error.

2. Anytime Bonding also contends that the final judgment must be reversed because the court violated OCGA § 17-6-71 (a) by not signing the forfeiture order on the same day the principal failed to appear. "The 'end of the court day' language at issue is 'directory and not a limitation of (the trial court's) authority,' particularly where appellant was not harmed." (Citation omitted.) *Easy Out Bonding v. State of Ga.*, 224 Ga. App. 706, 707 (1) (481 SE2d 834) (1997). This enumeration presents no grounds for reversal.

*Judgments affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 6, 1997 —
RECONSIDERATION DENIED AUGUST 25, 1997 —

*Saia & Richardson, Joseph J. Saia*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.