A03A2343. A. A. PROFESSIONAL BAIL v. STATE OF GEORGIA.
(592 SE2d 866)

ELLINGTON, Judge.

In this discretionary appeal, A. A. Professional Bail ("AAPB") appeals from the trial court's order denying its motion to set aside forfeiture of a bond it issued on behalf of John Horsley. AAPB contends OCGA § 17-6-31 (e) precludes the State from forfeiting the bond because the State failed to try Horsley within one year after it was posted. We agree and reverse.

OCGA § 9-11-60 (d) (3) authorizes a trial court to set aside a judgment based upon a "nonamendable defect which appears upon the face of the record or pleadings." "A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion." (Citations and punctuation omit-

ted.) *Head v. Wachovia Bank*, 264 Ga. App. 608, 610 (2) (591 SE2d 424) (2003).

On October 10, 2000, a Norcross police officer cited Horsley for three misdemeanor traffic offenses and booked him into the local jail. The citation issued to Horsley ordered him to "appear" in municipal court "to answer to this charge" on November 8, 2000. On October 11, 2000, AAPB posted bond for Horsley. Horsley appeared on November 8 and demanded a jury trial. The parties agree that, on February 7, 2001, Horsley's charges were bound over to Gwinnett State Court from the municipal court as a result of Horsley's jury trial demand. On May 1, 2001, the State filed an accusation against Horsley for the traffic offenses. On August 16, 2002, Horsley failed to appear for the first scheduled jury trial calendar call, and the trial court issued a bond forfeiture order.

AAPB moved to set aside the forfeiture order based on OCGA § 17-6-31 (e), because the misdemeanor charges against Horsley were not tried within one year after the date the company posted the bond. OCGA § 17-6-31 (e) provides:

> If the prosecuting attorney does not try the charges against a defendant within a period of two years in the case of felonies and one year in the case of misdemeanors after the date of posting bond, then judgment rendered after such period may not be enforced against the surety on the bond and the surety shall thereafter be relieved of liability on the bond. This subsection shall not apply where the prosecuting attorney's failure to try the charges is due to the fault of the principal.

The State opposed the motion because its "failure to try the charges [was] due to the fault of the principal." See id. The trial court found that the State called the case for trial in the Municipal Court of Norcross, that the defendant exercised his right to have the case bound over to state court and filed pre-trial motions in state court, and that the defendant's actions precluded the State from trying the case within one year. It further found that the "fault" language in OCGA § 17-6-31 (e) does not require any wrongdoing on the part of the principal; instead, it simply means that actions of the principal caused the delay.

On appeal, the State argues that the only prosecuting attorney who could satisfy the requirements of OCGA § 17-6-31 (e) was the solicitor for the municipality responsible for the case at the time the bond was posted. This solicitor lost authority over the case after Horsley requested a jury trial and the case was bound over to state court; therefore, the State contends, the prosecuting attorney failed

to try the case due to the fault of the principal in demanding a jury trial.

We disagree. Since "fault" is not a term of art, but is a word of general use, it is to be given its "ordinary and everyday meaning." (Citation and punctuation omitted.) *Risser v. City of Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982). See also OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter."). Webster's Third New World Dictionary defines "fault" as "failure to have or do what is required" or "something done wrongly." Similarly, "fault" is defined by Black's Law Dictionary as "negligence; an error or defect of judgment or of conduct; any deviation from prudence, duty, or rectitude." As Horsley had a legal right to demand a jury trial and bind the case over to state court, as well as file pre-trial motions in that court, this cannot be considered conduct done wrongly or negligently. Consequently, it was not fault within the meaning of the statute.

As the record before the trial court showed that the prosecuting attorney failed to try Horsley within one year after the date of the bond and that this failure was not due to the fault of the principal, the trial court abused its discretion by denying AAPB's motion to set aside the forfeiture order.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JANUARY 7, 2004.

*Leeza R. Cherniak*, for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Jason R. Samuels, Assistant Solicitors-General*, for appellee.