IRVING, J.,
for the Court.
¶ 1. Frederick Parkman was indicted by a Jefferson Davis County grand jury for possession of marihuana in violation of Mississippi Code Annotated section 41-29-139(c)(2)(G) (Supp.2004). Parkman filed a motion to dismiss the indictment alleging a violation of his speedy trial rights and that his prosecution was barred by the two year statute of limitations set forth in Mississippi Code Annotated section 99-1-5 (Supp.2004). A hearing was held on the matter, and the trial judge found that the charges against Parkman were time-barred and dismissed the indictment. Aggrieved, the district attorney of Jefferson Davis County appeals pursuant to the authority granted by Mississippi Code Annotated section 99-35-103 (Rev.2000), and asserts that the trial court erred in dismissing the indictment.
¶ 2. We agree with the district attorney; therefore, we reverse and remand.
FACTS
¶ 3. Parkman was arrested by the Jefferson Davis County Sheriffs Department on September 20, 2000 for possession of a controlled substance with intent to distribute. However, the warrant for his arrest was not issued until September 21, the day after his actual arrest for the offense.
¶ 4. On March 19, 2001, a Jefferson County grand jury convened. It reported out on March 30 and was dismissed. However, for reasons unexplained in the record, Parkman’s name was not listed among the true bills returned by the grand jury. The record does not inform us whether the grand jury returned a no bill or whether the case just was not presented to the grand jury. On July 30, 2003, another Jefferson Davis' County grand jury returned an indictment against Parkman. Parkman was arrested pursuant to the indictment.
¶ 5. Following his indictment, Parkman moved to have the charges against him dismissed, alleging that a prosecution of him would violate his right to a speedy trial and the two-year statute of limitations. The trial court, concluding that Parkman could not be prosecuted because the statute of limitations had run, dismissed the charges.
*890 ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. We are called upon to decide whether the trial court erred in dismissing the charges against Parkman pursuant to Mississippi Code Annotated section 99-1-5 (Supp.2004). This statute provides in pertinent part:
A person shall not be prosecuted for any offense, with the exception of murder, manslaughter, aggravated assault, kidnaping, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement, obtaining money or property under false pretenses or by fraud, felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23, sexual battery of a child as described in Section 97-3-95(c) or exploitation of children as described in Section 97-5-33, unless the prosecution for such offense be commenced within two (2) years next after the commission thereof....
¶ 7. We begin our analysis by consulting Mississippi Code Annotated section 99-1-7 (Rev.2000). This section provides:
A prosecution may be commenced, within the meaning of Section 99-1-5 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit.
¶ 8. According to the record, Parkman was first arrested on September 20, 2000, and an arrest warrant charging him with possession of a controlled substance was issued on Septémber 21. Thus, under section 99-1-7, prosecution commenced within the meaning of section 99-1-5 at that time.
¶ 9. We must now determine whether the failure of the first grand jury to return a true bill against Parkman terminated the prosecution against him. In resolving the issue, we find it immaterial whether the first grand jury declined to indict or whether the case just was not presented. As we have already noted, section 99-1-5 makes clear that the prosecution of Parkman began with the issuance of the warrant. Clearly, if the matter was never presented to the first grand jury, there can be no tenable argument that any of the grand jury’s actions or inactions operated to terminate Parkman’s prosecution.
■¶ 10. We have found no Mississippi statute or case addressing the issue at hand. Therefore, we look to our sister states for guidance. Our limited research reveals that the jurisdictions are split. Some jurisdictions hold that the return of a no bill by a grand jury is sufficient to terminate the prosecution of the offense which was the subject of the no bill. See Curcio v. Sanders, 109 Ga.App. 548, 136 S.E.2d 406 (1964); Zello v. Glover, 59 S.W.2d 877 (Tex.Ct.App.1933). However, other jurisdictions hold that the return of a no bill does not terminate the prosecution in the absence of a statute or court order. See State v. Young, 149 Ariz. 580, 720 P.2d 965 (Ct.App.1986); Knott v. Sargent, 125 Mass. 95 (Mass.1878); Thomas v. DeGraffenreid, 11 S.C.L. (2 Nott & McC.) 143, 1819 WL 677 (S.C.Const.App.1819).
¶ 11. We prefer the view enunciated by the Arizona, Massachusetts and South Carolina courts, i.e., that in the absence of a statute or court order, the return of a no bill by a grand jury does not terminate the prosecution of the offense which was the subject of the no bill.
¶ 12. A review of the record does not reveal the existence of a court order dismissing the charges against Parkman following the inaction of the first grand jury, and we are not aware of a statute in this *891 state which (1) provides that once a criminal prosecution has begun by the issuance of an arrest warrant, the defendant, who is the subject of the arrest warrant, must be indicted within the same time interval as is provided for the commencement of the prosecution, or (2) prohibits a prosecutor from resubmitting a case to a subsequent grand jury following the return of a no bill by a prior grand jury.
¶ 13. It seems to us that once a prosecution of a defendant has begun, it can terminate in one or two ways, by a judgment entered upon either a verdict of “guilty” or upon a verdict of “not guilty” or by an order dismissing the case either prior to conviction or following a conviction pursuant to a motion for a judgment notwithstanding the verdict. We therefore hold that the lack of action against Parkman by the first grand jury did not terminate the prosecution against him, and since there is no dispute that Parkman was arrested for the offense within two years of the date in which he allegedly committed it, the trial court erred as a matter of law in finding that the prosecution of Parkman was time barred.
¶ 14. Although we have found that the two-year statute of limitations is not a bar to the State’s prosecution of Parkman, we. make no comment on whether Parkman’s right to a speedy trial may have been violated, and nothing in this opinion should be construed as a comment, pro or con, on that issue should the State choose to pursue the prosecution of Parkman on remand. We only hold that the two-year statute of limitations is not a bar to his prosecution.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.
BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. KING, C.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.