## A06A0031. A. A. PROFESSIONAL BAIL v. STATE OF GEORGIA.
(630 SE2d 620)

SMITH, Presiding Judge.

We granted A. A. Professional Bail's application for a discretionary appeal from the trial court's order denying its motion to set aside forfeiture of a bond it issued on behalf of Fred Khoury. Relying upon OCGA § 17-6-31 (e), A. A. contends that it should be relieved of liability under the bond because the State did not try Khoury on the misdemeanor charge within one year of the date the bond was posted. We agree and reverse.

The record shows that Khoury was arrested for DUI and related traffic offenses on October 18, 2002. A. A. posted Khoury's bond on the same day. At the request of Khoury's attorney, the case was bound over to the State Court of Gwinnett County on March 11, 2003. Trial was eventually scheduled for September 2004, and Khoury failed to appear. His bond was ordered forfeited, and the forfeiture was confirmed on February 7, 2005. A. A.'s motion to set aside the forfeiture was denied, and this appeal follows.

OCGA § 17-6-31 (e)[1] provides:

> If the prosecuting attorney does not try the charges against a defendant within a period of . . . one year in the case of misdemeanors after the date of posting bond, then judgment rendered after such period may not be enforced against the surety on the bond and the surety shall thereafter be relieved of liability on the bond. This subsection shall not apply where the prosecuting attorney's failure to try the charges is due to the fault of the principal.

In what appears to be the only published case applying this subsection of the statute, we reversed the State Court of Gwinnett County's denial of the very same bonding company's motion to set aside a forfeiture under almost identical circumstances. *A. A. Professional Bail v. State of Ga.*, 265 Ga. App. 42 (592 SE2d 866) (2004). In that case, the trial court found that the defendant's assertion of a jury

---

[1] The State mistakenly cites the governing statutory provision as OCGA § 17-6-31 (2) (e). No such subsection exists.

demand was sufficient "fault" to satisfy the last sentence of the quoted statutory provision and prevent the application of OCGA § 17-6-31 (e). This court disagreed, reasoning that the term "fault" was not a term of art and must be given its "ordinary and everyday meaning." (Citations and punctuation omitted.) Id. at 44. We held that because the defendant had the legal right to file a jury demand and bind the case over to state court, doing so could not be wrong and could not constitute "fault" within the meaning of the statute. Id.

The same is true here, as the State concedes in its brief. The State readily agrees that no trial was scheduled for Khoury in state court for more than one year after the date bond was posted and that the only "fault" that can be attributed to the principal, Khoury, is in filing a conflict letter for the scheduled arraignment, which he had a right (and a duty) to do.[2] This was insufficient to satisfy the "fault" requirement in OCGA § 17-6-31 (e). Notwithstanding the policy arguments made by the State setting forth its dissatisfaction with this court's construction of the statute, the State further concedes that the General Assembly's intent in enacting the subsection is "quite clear." Indeed, the State even concedes that we must reverse the judgment of forfeiture, but it "respectfully suggests" that we do so in an unpublished opinion. As can be seen, we are not prepared to follow that recommendation.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2006.

*Leeza R. Cherniak*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Jeffrey P. Kwiatkowski, Rosanna M. Szabo, Gary S. Vey, Assistant Solicitors-General*, for appellee.

---

[2] The State concedes that the continuances sought and granted in Recorder's Court before the bindover are "irrelevant" to this case.