A09A0801. FIRST CHOICE BONDING COMPANY v. STATE OF
GEORGIA.

(679 SE2d 830)

MIKELL, Judge.

In its appeal from the trial court's denial of its motion to relieve surety, First Choice Bonding Company ("First Choice") argues that pursuant to OCGA § 17-6-31 (e), its motion should have been granted because the state could not forfeit the bond where the defendant was not tried within two years of the date that the bond was posted. We agree and reverse.

The record shows that Julian Manzano was arrested for conspiracy to commit a crime and possession of marijuana with intent to distribute on January 3, 2005. Bond was issued by the Superior Court of Habersham County in the amount of $22,200 and First Choice secured the bond on February 13, 2005. More than two years later on July 31, 2007, the state filed its accusation against Manzano. Manzano failed to appear for arraignment, and a bench warrant was issued for his arrest. The court issued a bond forfeiture order on August 3, 2007, and First Choice filed its motion to relieve surety on December 14, 2007. The trial court denied the motion, concluding that First Choice failed to establish that it exercised the due diligence required to locate Manzano and because the state's failure to try the case was due to Manzano's failure to appear.

On appeal, First Choice argues that the trial court erred, and the state agrees. OCGA § 17-6-31 (e) provides as follows:

> If the prosecuting attorney does not try the charges against
> a defendant within a period of two years in the case of
> felonies and one year in the case of misdemeanors after the
> date of posting bond, then judgment rendered after such
> period may not be enforced against the surety on the bond
> and the surety shall thereafter be relieved of liability on the
> bond. This subsection shall not apply where the prosecuting
> attorney's failure to try the charges is due to the fault of the
> principal.

We have held that the term "fault" as utilized in the statute shall be given its ordinary and everyday meaning and is therefore defined as

"conduct done wrongfully or negligently."[1]

The failure to try a case within the prescribed time relieves the surety of liability on the bond.[2] In this case, Manzano was charged with a felony; thus the prescribed time at issue is two years. The accusation against Manzano was not filed until July 31, 2007, which was more than two years after First Choice posted the bond. There was no evidence in the record of any attempts on behalf of the state to try the case against Manzano within the prescribed time or that Manzano was at fault for the state's failure to do so. In fact, the state concedes that it made no record establishing the fault of the defendant, which would preclude the application of the statute, and acknowledges that it "is unable to argue that the relief sought by the [a]ppellant should not be granted."

Based on the foregoing, we conclude that the trial court erred when it denied First Choice's motion to relieve surety, and therefore, we reverse the judgment of the trial court.[3]

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 10, 2009.

*Jerry C. Carter, Jr.*, for appellant.

*Brian M. Rickman, District Attorney, James E. Staples, Jr., Assistant District Attorney*, for appellee.

---

[1] *A. A. Professional Bail v. State of Ga.*, 265 Ga. App. 42, 44 (592 SE2d 866) (2004).

[2] See *A. A. Professional Bail v. State of Ga.*, 279 Ga. App. 113 (630 SE2d 620) (2006) (reversed denial of motion to set aside bond forfeiture where misdemeanor case was not tried within one year of the date bond was posted).

[3] See, e.g., *A. A. Professional Bail*, supra, 265 Ga. App. at 44.