## A09A1011. ANYTIME BAIL BONDING, INC. v. STATE OF GEORGIA.

(683 SE2d 358)

BERNES, Judge.

Anytime Bail Bonding, Inc. appeals the trial court's final judgment of forfeiture on a criminal appearance bond posted on behalf of Filberto Sanchez. Because the trial court correctly concluded that Anytime Bail Bonding had not been discharged from liability as a surety, we affirm.

The record reflects that after Sanchez was arrested on the charge of trafficking in methamphetamine, Anytime Bail Bonding posted a criminal appearance bond on his behalf on September 2, 2006. Among other things, the bond was conditioned upon Sanchez appearing before the superior court at the time fixed for his arraignment on the drug trafficking charge.

On February 7, 2007, the Clayton County grand jury indicted Sanchez for the offense of trafficking in methamphetamine. Sanchez, however, failed to appear for his arraignment, and the trial court issued a bench warrant for his arrest. On the same day, the trial court entered an order requiring Anytime Bail Bonding to appear at an execution hearing and show cause why the appearance bond should not be forfeited.

On March 21, 2007, as part of the state's effort to correct certain irregularities on Sanchez's indictment, Sanchez was re-indicted by the grand jury for trafficking in methamphetamine. The first and second indictments alleged the identical drug trafficking crime committed on the same date giving rise to Sanchez's initial arrest in 2006.

On March 22, 2007, the trial court entered an order of nolle prosequi on the first indictment. The order recited that the grand jury had returned a new indictment charging Sanchez with the same drug trafficking crime.

On April 3, 2007, Sanchez failed to appear for his arraignment on the second indictment. The following day, the trial court issued a bench warrant for his arrest, and the court further ordered Anytime Bail Bonding to appear at an execution hearing and show cause why the appearance bond should not be forfeited for Sanchez's failure to appear for arraignment on the second indictment.

On July 2, 2007, Anytime Bail Bonding moved to be discharged from liability as surety under the first indictment. Anytime Bail Bonding argued that it had automatically been discharged from liability as surety upon the first indictment being nolle prossed. The trial court agreed and on July 6, 2007, entered an order "reliev[ing] [Anytime Bail Bonding] of all further liability in this case."

On August 6, 2007, Anytime Bail Bonding moved to be dis-

696

charged from liability as surety under the second indictment. Anytime Bail Bonding argued that it had been discharged from liability based upon entry of the nolle prosequi order on the first indictment and the trial court's subsequent July 6 order. Following an execution hearing, the trial court rejected Anytime Bail Bonding's argument and entered a final judgment of forfeiture on the criminal appearance bond for Sanchez's failure to appear for his arraignment on the second indictment. Anytime Bail Bonding now appeals.

1. As an initial matter, contrary to the state's contention, a direct appeal was authorized because the trial court entered a final judgment of forfeiture pursuant to OCGA § 17-6-71 (b) after conducting an execution hearing. See *Anytime Bonding Co. v. State of Ga.*, 228 Ga. App. 232, 233 (1) (491 SE2d 399) (1997); *Spring-U Bonding Co. v. State of Ga.*, 200 Ga. App. 533 (408 SE2d 831) (1991). We thus find our appellate jurisdiction to be proper in this case. Compare *Citation Bonding Co. v. State of Ga.*, 199 Ga. App. 868 (406 SE2d 289) (1991) (appeal from an order denying motion to set aside a final judgment of forfeiture is discretionary and must be made by application).

2. The trial court properly concluded that the criminal appearance bond posted by Anytime Bail Bonding had been forfeited based upon Sanchez's failure to appear for his arraignment on the second indictment.[1] A bond is in the nature of a contract between the state, the accused, and the accused's surety, and we look to the language of that contract to determine what conditions the surety covenanted to perform. See *Coweta Bonding Co. v. Carter*, 230 Ga. 585, 587 (3) (198 SE2d 281) (1973); *Raburn Bonding Co. v. State of Ga.*, 244 Ga. App. 386, 388 (2) (535 SE2d 763) (2000). Once posted by the surety on behalf of the accused, a bond remains in force until the accused is sentenced, unless the bond is revoked, forfeited, or the liability of the surety otherwise discharged. See generally *Andrews v. Hardwick*, 29 Ga. App. 251 (114 SE 644) (1922). See also Jack Goger, Daniel's Georgia Criminal Trial Practice, § 8-1, p. 574 (2008-2009 ed.).

Here, the criminal appearance bond obligated Anytime Bail Bonding to forfeit $55,100 to the state if Sanchez failed to appear before the superior court for his arraignment on "the offense of trafficking-methamphetamine or as charged in the Affidavit of Officer Settle Alec CCPD." And it is undisputed that the drug trafficking charge in the second indictment involved the identical criminal conduct referenced in the criminal appearance bond. Any-

---

[1] Because Anytime Bail Bonding excluded the transcript of the execution hearing from transmission on appeal, we must assume that any evidence introduced at that hearing also supported the trial court's conclusion. See *Confidential Bonding Co. v. State of Ga.*, 279 Ga. App. 794, 797, n. 5 (632 SE2d 684) (2006).

time Bail Bonding, therefore, was obligated under the plain terms of the criminal appearance bond to forfeit the $55,100 as a consequence of Sanchez's failure to appear for his arraignment on the second indictment.

However, relying upon *Lamp v. Smith*, 56 Ga. 589 (1876), Anytime Bail Bonding contends that its liability as surety was fully discharged when the first indictment was nolle prossed. In *Lamp*, the surety posted a supersedeas bond so that the case would be stayed and the criminal defendant could appeal. Id. at 589. The Supreme Court of Georgia subsequently reversed the judgment below, pronouncing that the indictment was "bad." Id. Once the trial court caused the Supreme Court's judgment to be entered of record as its own, the original indictment was nolle prossed and the grand jury returned a second indictment. Id. When the defendant failed to appear to answer the charges alleged in the second indictment, the trial court ordered that the bond be forfeited. Id. On appeal from the final judgment of forfeiture, the Supreme Court reversed, reasoning that

> [w]hen the first bill was *nol. pros'd* that case was terminated, and with it ended all incidents to it, including any bond connected with it. The security on any such bond was relieved at that moment, as much as he would have been by the verdict of a jury. The new bill was a new case, for which and upon which a new recognizance should have been taken with new security.

Id. at 589-590. Accordingly, *Lamp* stands for the proposition that when an indictment is nolle prossed, the surety's liability on a bond related to the indicted charges is automatically discharged and does not extend to a subsequent re-indictment on the same charges. See id.

But the present case is distinguishable from *Lamp*. The second indictment alleging the same drug trafficking charge against Sanchez was returned by the grand jury *before* the first indictment was nolle prossed. As such, there never was a time during which the drug trafficking charge referenced in the criminal appearance bond was not pending against Sanchez, and thus never a point at which Sanchez was completely released from that charge. In contrast, there was a point in time during which the defendant in *Lamp* was not under indictment or criminal prosecution. It was at that point the surety was released from liability. Because, unlike the defendant in *Lamp*, there was no point of time in which the charge against Sanchez was not pending, Anytime Bail Bonding was not discharged

from its liability as surety based upon the nolle prosequi of the first indictment.

Anytime Bail Bonding alternatively contends that the trial court's July 6, 2007 order discharged it from any further liability as surety on the drug trafficking charge. Anytime Bail Bonding emphasizes that in that order, the trial court stated that Anytime Bail Bonding was "relieved of all further liability in this case." Read in context, however, "this case" clearly referred to the first indictment, since only the case number of the first indictment was listed on the order, and the order only recited procedural history related to that specific indictment. Moreover, Anytime Bail Bonding did not even move to be relieved from liability under the second indictment until *after* the July 6 order had been issued. Hence, the trial court clearly did not intend for its order to discharge Anytime Bail Bonding from liability as a surety with regard to the drug trafficking charge in the second indictment.

For the foregoing reasons, the criminal appearance bond posted by Anytime Bail Bonding remained in force when Sanchez failed to appear for his arraignment on the second indictment. We thus affirm the trial court's final judgment of forfeiture on the criminal appearance bond.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 3, 2009 —
RECONSIDERATION DENIED AUGUST 17, 2009

*Clegg, Daniels & Petrey, John H. Petrey*, for appellant.
*Jewel C. Scott, District Attorney*, for appellee.

