# Court of Appeals
# of the State of Georgia

ATLANTA,   May 20, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0741.  ALABAMA/GEORGIA BONDING COMPANY v. STATE OF GEORGIA.**

After judgment of a criminal bond forfeiture pursuant to OCGA § 17-6-71 (b) was entered June 12, 2014, Alabama/Georgia Bonding Company filed no direct appeal, but moved to set aside the judgment.[1] At a hearing on its motion, the bonding company contended that it had not received notice of a dispositive hearing and that, therefore, judgment had been entered in contravention of its due process rights to notice.[2] On September 3, 2014, the trial court denied the motion to set aside. And within 30 days thereof, the bonding company filed a notice of appeal.

Pursuant to OCGA § 5-6-35 (a) (8), an appeal from an order denying a motion to set aside a judgment is discretionary and shall be made by application.[3] This direct

---

[1] See generally *Anytime Bail Bonding v. State of Ga.*, 299 Ga. App. 695, 696 (1) (683 SE2d 358) (2009) (holding that a final judgment of forfeiture pursuant to OCGA § 17-6-71 (b) is directly appealable); but see *N. C. Constr. Co. v. Action Mobilplatform*, 187 Ga. App. 507 (370 SE2d 800) (1988) (reiterating that a motion to set aside a final judgment does not extend the time for filing a notice of appeal).

[2] See *Crenshaw v. Crenshaw*, 267 Ga. 20, 21 (2) (471 SE2d 845) (1996) ("Where a judgment is entered in contravention of a party's due process rights to notice, a trial court is authorized to set the judgment aside under OCGA § 9-11-60 (d).") (footnote omitted).

[3] See *Citation Bonding Co. v. State of Ga.*, 199 Ga. App. 868 (406 SE2d 289) (1991) ("Pursuant to OCGA § 5-6-35 (a) (8), an appeal from an order denying a

appeal from an order denying the bonding company's motion to set aside judgment is thus DISMISSED for lack of jurisdiction.[4]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* _____05/20/2015_____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

motion to set aside a judgment under subsection (d) of OCGA § 9-11-60 is discretionary and shall be made by application.").

[4] *Citation Bonding Co.*, supra. Cf. *Crenshaw*, supra (reaching merits of discretionary appeal from denial of motion to set aside, where party received no notice of dispositive hearing); *A. A. Professional Bail v. State of Ga.*, 265 Ga. App. 42 (592 SE2d 866) (2004) (reaching merits of discretionary appeal from denial of motion to set aside a bond forfeiture order); *A. A. Professional Bail v. State of Ga.*, 279 Ga. App. 113-114 (630 SE2d 620) (2006) (reaching merits of discretionary appeal from denial of motion to set aside a bond forfeiture order).