# Court of Appeals
# of the State of Georgia

ATLANTA,  June 28, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1868. ANYTIME BONDING COMPANY, INC. (MARCELL ALEXANDER VEAL) v. STATE OF GEORGIA.**

After Marcell Alexander Veal's arrest, he was released on a $34,400 bond with Anytime Bonding Company, Inc. ("Surety") as the surety. Veal failed to appear for his arraignment, and the State filed a motion for bond forfeiture. The trial court granted the motion, and scheduled an execution hearing for March 2018. In December 2017, the Surety filed a motion to dismiss the bond forfeiture proceedings due to improper notice by the State. In January 2018, the trial court denied the motion, and the Surety filed a notice of appeal from that ruling. We, however, lack jurisdiction.

A direct appeal is authorized from a final judgment of forfeiture after an execution hearing. *Anytime Bail Bonding, Inc. v. State*, 299 Ga. App. 695, 696 (1) (683 SE2d 358) (2009). In this case, the record does not include a final judgment of forfeiture. Thus, the trial court's order that the Surety seeks to appeal was not final order, and the Surety was required to use the interlocutory appeal procedures to obtain review at this time. See OCGA § 5-6-34 (b); *Spring-U Bonding Co. v. State*, 200 Ga. App. 533, 533 (408 SE2d 831) (1991) (denial of motion to set aside and vacate bond forfeiture proceeding was not a final order). The Surety's failure to

comply with the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*  06/28/2018
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*