# Court of Appeals
# of the State of Georgia

ATLANTA, November 21, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0439. EASY OUT BONDING v. THE STATE.**

Marius Ioan Pascu was released on a $7,500 bond with Easy Out Bonding (the "Surety") as the surety. After Pascu failed to appear for an arraignment, the trial court forfeited the bond and entered a final judgment absolute on May 20, 2025. On July 7, 2025, the Surety filed a motion to vacate the judgment due to improper notice under OCGA § 17-6-71(a).[1] On August 12, 2025, the trial court denied the motion, and the Surety filed a notice of appeal on September 5, 2025. We lack jurisdiction.

A notice of appeal ordinarily must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). Here, rather than timely appealing the May 20, 2025 order,[2] the Surety filed on July 7, 2025, a motion to vacate the judgment. To the extent the Surety sought to set aside the

---

[1] The Surety contended that it should be relieved of liability on the appearance bond because the notice it received of the execution hearing failed to include a copy of the bench warrant for Pascu's arrest as required by OCGA § 17-6-71(a). The State responded that, although an earlier, July 2024 notice did not include a copy of the earlier bench warrant, that bench warrant and bond forfeiture were thereafter withdrawn, a new arraignment date was set, Pascu again failed to appear, and a new bond forfeiture and arrest warrant were issued and served on the Surety in compliance with OCGA § 17-6-71(a).

[2] A direct appeal is authorized from a judgment absolute on bond forfeiture after an execution hearing. See *Anytime Bail Bonding, Inc. v. State*, 299 Ga. App. 695, 696 (1) (683 SE2d 358) (2009).

judgment of bond forfeiture under OCGA § 9-11-60(d),[3] an appeal from the denial of an OCGA § 9-11-60(d) motion requires the filing of an application for discretionary appeal. See OCGA § 5-6-35(a)(8), (b); *Citation Bonding Co. v. State*, 199 Ga. App. 868, 868 (406 SE2d 289) (1991) (dismissing for lack of jurisdiction direct appeal from order denying motion to set aside judgment absolute on a bond forfeiture because discretionary application was required).

To the extent the Surety sought to appeal the May 20, 2025 judgment of bond forfeiture, its notice of appeal — filed 108 days after the trial court's entry of that judgment — is untimely as to that order. See OCGA § 5-6-38(a). Even construing the Surety's motion as a motion to reconsider the judgment of bond forfeiture, the denial of such a motion is not appealable in its own right, and such a motion does not extend the time to appeal the underlying order. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 11/21/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[3] A motion to set aside a judgment of bond forfeiture can be brought under OCGA § 9-11-60(d) if there is a nonamendable defect which appears upon the face of the record or pleadings. See *Osborne Bonding Co. v. State*, 163 Ga. App. 648, 649 (295 SE2d 577) (1982).