## A00A1133. VARGAS v. STATE OF GEORGIA.
### (534 SE2d 173)

ELDRIDGE, Judge.

This is an appeal from a judgment absolute entered for the forfeiture of a $5,000 criminal appearance cash bond. The procedural history is as follows.

In October 1991, defendant Petra Lopez Vargas, a native of Mexico who was in the United States illegally, was arrested in Cobb County on charges involving, inter alia, the forgery of documents from the United States Immigration & Naturalization Service ("INS"). She was given a $250 cash bond on October 8, 1991. Thereafter, in July 1992, a four-count forgery indictment was returned against Vargas in Cobb Superior Court. Arraignment was scheduled for August 8, 1992. Vargas failed to appear, and a bench warrant was

issued. A show-cause hearing for the forfeiture of Vargas' bond was set for December 22, 1992. Vargas did not appear at the hearing, and a judgment was entered forfeiting the $250 cash bond. That same day, December 22, 1992, Vargas' case was placed on the dead docket until such time as Vargas was arrested on the bench warrant.

In addition, an order was entered by the INS deporting Vargas from the United States to Mexico, her country of origin. The INS placed a hold against the Cobb County bench warrant so that they would be notified when Vargas was arrested thereon.

Six years went by. Vargas did not contact INS to resolve deportation issues, although she knew she was in the United States illegally. Neither did Vargas contact Cobb County to resolve the forgery charges against her. She was arrested on the Cobb County bench warrant on December 12, 1998. On December 15, 1998, Vargas was — inexplicably — given a $5,000 cash bond and her husband, Francisco Bandadukay, provided the money. Presumably, INS was notified pursuant to its hold. Vargas' case was taken off the dead docket and placed on the March 22, 1999 court calendar. However, on January 27, 1999, Vargas was picked up by the INS and deported to Mexico.

When Vargas failed to appear in Cobb Superior Court at the call of the calendar, another bench warrant was issued for her arrest and another bond forfeiture hearing was scheduled. Vargas was represented at the hearing by her attorney on the criminal charges, Martin M. del Mazo. At the hearing, del Mazo contended that, following her deportation, Vargas is not permitted to return to the United States. Del Mazo contended that because of Vargas' "sentence" of deportation, she was being "detained" in Mexico and, thus, under the exception supplied in OCGA § 17-6-72 (b), forfeiture of bond was not warranted. Del Mazo introduced a "status report" from the United States Justice Department showing that Vargas "was deported from the United States on 1-27-99 to Mexico"; he argued that such report was the equivalent of "official written notice from the holding institution" as required by OCGA § 17-6-72 (b). Following evidence and argument of counsel, the trial court entered a final judgment forfeiting the $5,000 cash bond. *Held*:

In her sole claim of error, Vargas again contends that her deportation to Mexico with an inability to return to the United States is the functional equivalent of a "sentence" and resulting "detention" as contemplated by OCGA § 17-6-72 (b). We do not agree.

OCGA § 17-6-72 (b) states in pertinent part that:

> [n]o judgment shall be rendered on a forfeiture of any appearance bond if it is shown to the satisfaction of the court that the principal on the bond was prevented from attending because he or she was detained by reason of *arrest, sentence*

*or confinement in a penal institution or jail* in the State of Georgia, or *so* detained in another jurisdiction. . . . An official written notice of the holding *institution* in which the principal is being detained or confined shall be considered proof of the principal's detention or confinement.

(Emphasis supplied.)

Under the plain language of the statute, OCGA § 17-6-72 (d) provides a forfeiture exception in those instances where the principal is not present in court because he or she has been detained in a penal institution, whether by reason of arrest or sentence. An historical overview of OCGA § 17-6-72 (b) reinforces the plain meaning of the statute. See Ga. L. 1965, p. 266, § 2 (principal in the bond is prevented from attending "because he is being detained in a jail or in a penitentiary in another jurisdiction"); Ga. L. 1987, pp. 1342, 1344, § 4 (principal in the bond "was prevented from attending because he was detained under sentence in a penal institution in another jurisdiction"); Ga. L. 1989, pp. 556, 557-558, § 2 (principal in the bond "was prevented from attending because he or she was detained by reason of arrest, sentence, or confinement in a penal institution or jail in the State of Georgia, or so detained in another jurisdiction"). When the language of a statute is plain and unequivocal, judicial construction is not only unnecessary but forbidden. *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999).

Here, Vargas is not being detained in a penal institution. She is not being detained at all. That she cannot reenter the United States does not make her "detained" in Mexico. Under the plain language of the statute, the forfeiture exception provided by OCGA § 17-6-72 (b) does not apply in the instant case. The trial court did not err in entering a final judgment ordering the forfeiture of the bond amount.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 2000.

*Martin M. del Mazo,* for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Maria B. Golick, Assistant District Attorneys,* for appellee.