### S06A1712. HERNANDEZ v. THE STATE.
(639 SE2d 473)

MELTON, Justice.

Following his conviction for identity fraud, Nohe Gomes Hernandez appeals, contending, among other things, that the identity fraud statute, OCGA § 16-9-121, is unconstitutionally vague. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Hernandez, an illegal immigrant, misappropriated the social security number of Jason Smith. Hernandez then used this misappropriated number to obtain a social security card and a California driver's license in Smith's name. Next, posing as Smith, Hernandez used these two pieces of identification to obtain a job at a poultry processing plant in Georgia. Hernandez's wages, under Smith's name, were thereafter reported to the Internal Revenue Service. In 2005, Smith contacted the IRS to inquire about a tax refund that he was expecting, but an IRS agent informed him that he owed approximately $12,000 in back taxes. This discrepancy led Smith to make further inquiries, and it was eventually discovered that Hernandez had assumed his identity.

1. Although Hernandez admits to using Smith's identifying information to secure a job at the poultry processing plant, he nonetheless contends that the evidence was insufficient to support the verdict because there was no evidence to show that he used this identifying information to access any resource of Smith as set forth in his indictment. OCGA § 16-9-121 provides:

> A person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of or cause physical harm to that person, or of any other person, to his or her own use or to the use of a third party he or she: (1) Obtains or records identifying information of a person which would assist in accessing the resources of that person or any other person; or (2) Accesses or attempts to access the resources of a person through the use of identifying information.

Among a non-inclusive list of other items, OCGA § 16-9-120 (5) (F) states that a person's resources may include "[a]ny account, including a safety deposit box, with a financial institution as defined by Code Section 7-1-4, including a national bank, federal savings and loan association, or federal credit union or a securities dealer licensed by the Secretary of State or the federal Securities and Exchange Commission." The nature of this list makes it clear that the General Assembly intended for a person's resources to include accounts with federal banking institutions. The United States Treasury, our nation's foremost banking institution, would fall within the ambit of OCGA § 16-9-120 (5) (F). Therefore, by using Smith's identifying information to obtain a job, Hernandez accessed Smith's account with the IRS and thereby the United States Treasury and caused harm to Smith by attempting to make him responsible for Hernandez's tax debt. This resulted in a clear violation of OCGA § 16-9-121, and the evidence was sufficient to enable a rational trier of fact to determine that Hernandez was guilty of identity fraud. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hernandez contends that OCGA § 16-9-121 is unconstitutionally vague, arguing that it fails to place a reasonable person on notice that improper use of another's social security number to obtain a job is covered under its prohibition. This argument, however, is misplaced. The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a law give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. *United States v. Harriss*, 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1954); *Hubbard v. State*, 256 Ga. 637 (352 SE2d 383) (1987). If the challenged statute does not reach First Amendment freedoms, it is examined in accordance with the facts of the case at hand. *United States v. Mazurie*, 419 U. S. 544, 550 (II) (95 SC 710, 42 LE2d 706) (1975); *Simmons v. State*, 262 Ga. 674 (424 SE2d 274) (1993). As discussed above, the identity fraud statute explicitly prohibits an individual from improperly accessing another's account at a financial institution. That is exactly what Hernandez did in this case, and the plain language of OCGA §§ 16-9-120 and 16-9-121 placed him on notice that his actions were illegal. The statute, therefore, is not unconstitutionally vague as applied to Hernandez in this case.

3. Finally, Hernandez contends that OCGA § 16-9-121 is preempted by federal law, namely Section 1324c of the Immigration Reform and Control Act of 1986 (8 USC § 1324c), which subjects an illegal immigrant using falsified identification documents to a cease and desist order and civil monetary penalties.

The preemption doctrine of the Supremacy Clause may apply: (1) where there is direct conflict between state and federal regulation; (2) where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress; or (3) where Congress has occupied the field in a given area so as to oust all state regulation.

(Citations and punctuation omitted.) *Aman v. State*, 261 Ga. 669, 671 (3) (409 SE2d 645) (1991). "Furthermore, in the area of enforcement of state criminal laws, the presumption is against federal preemption and, thus, favors an active exercise of criminal jurisdiction by the state." (Citation and punctuation omitted.) *State v. Klinakis*, 206 Ga. App. 318, 321 (1) (b) (425 SE2d 665) (1992). Here, there is neither direct, implied, or field preemption. Nothing in the federal law explicitly overrides state law, and the two laws do not conflict in their operation or enforcement. Therefore, the trial court did not err in finding that OCGA § 16-9-121 is not preempted by federal law.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007 —
RECONSIDERATION DENIED FEBRUARY 5, 2007.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney*, for appellee.