A07A2174. VICKS v. THE STATE.
(657 SE2d 876)

ADAMS, Judge.

Following a bench trial, Sandra Dee Vicks was convicted of identity fraud. On appeal she contends the evidence was insufficient to support the verdict.

Construed in favor of the verdict the evidence shows that on September 13, 2004, a person came into the Capital City Bank and filled out a signature card in connection with opening a new checking account. The person included on the card a social security number, her thumbprint, and a signature. The card was signed by "Sandra Wimberly" over the typed name "Sandra Lee Wimberly." That person

---

[14] Id.

[15] Id. at 191 (3) (b).

asked that the checks be issued under the name "Banks." An expert testified, however, that the fingerprint on the signature card matches the fingerprint of appellant Sandra Vicks that had been on file at the Thomas County Sheriff's Office. And the social security number shown on the signature card belongs to a 17-year-old boy who lives in Mitchell County and who is not related to Vicks. The boy did not have an account with Capital City Bank or any resources there, and Vicks did not have permission to use the number.

1. Vicks first contends the State failed to present sufficient evidence that it was she who signed the signature card and used the boy's social security number when opening an account with the bank. But the State introduced evidence that the fingerprint on the signature card matched the fingerprint of a person named "Sandra Vicks" maintained in the sheriff's office. And "concordance of name alone is some evidence of identity. Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary." (Citations and punctuation omitted.) *Roebuck v. State*, 277 Ga. 200, 201-202 (1) (586 SE2d 651) (2003). Furthermore, the State's expert testified that the two fingerprints matched. The evidence was sufficient to show that Vicks was the person who attempted to open the account. See id.

2. Vicks also contends the State failed to prove the elements of the crime. Vicks was charged with identity fraud as codified in OCGA § 16-9-121. Under the version of that statute applicable to this case, the State was required to show that the accused (1) obtained or recorded another person's identifying information (2) with the intent to appropriate that person's resources:

A person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of or cause physical harm to that person, or of any other person, to his or her own use or to the use of a third party he or she:

(1) Obtains or records identifying information of a person which would assist in accessing the resources of that person or any other person. . . .

OCGA § 16-9-121 (2002).[1]

Here, the State presented evidence that Vicks "recorded" another person's social security number, which was specifically defined as "identifying information" in connection with identity theft. OCGA

---

[1] OCGA § 16-9-121 has since been revised. See Ga. L. 2007, p. 450, § 4.

§ 16-9-120 (4) (B) (2002). And, although the boy to whom the social security number belonged did not maintain any assets at the bank, the trier of fact was authorized to infer that Vicks' use of the number was done with intent to obtain his resources in one way or another. See OCGA § 16-9-120 (5) (A) (2002) (a person's resources includes that person's "credit, credit history, credit profile, and credit rating").

The evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 5, 2008.

*Robert R. McLendon IV*, for appellant.

*Joseph K. Mulholland, District Attorney, Michael T. Garrett, Assistant District Attorney*, for appellee.