### A08A0952. POWELL v. THE STATE.
(667 SE2d 213)

SMITH, Presiding Judge.

A jury found Denise Nicole Powell guilty of identity fraud.[1] She appeals, arguing that the trial court erred in failing to direct a verdict of acquittal. Finding no error, we affirm.

In reviewing the denial of a motion for directed verdict, we employ the same standard used in assessing the sufficiency of the evidence. We do not weigh the evidence or resolve issues of witness credibility. *Stack-Thorpe v. State*, 270 Ga. App. 796, 802 (5) (608 SE2d 289) (2004). We merely determine whether the evidence, construed favorably to the jury's verdict, was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

So viewed, the evidence shows that in April 2006, Powell sought to purchase a car from Premier Dodge, an automobile dealership. The salesperson, Joshua Gathers, testified that Powell negotiated a

---

* The State's honest assessment in this regard represents the best standards of the bar and deserves high commendation.

[1] Before trial, Powell pled guilty to a second charge alleging that she gave a false name to a police officer.

deal to buy the vehicle, but lacked adequate credit to support the financing. Powell suggested several people who might co-sign her loan, but none had sufficient credit. Eventually, she proposed that her grandfather co-sign the loan documents.

Gathers received a telephone call from Powell and the alleged grandfather, who identified himself as Alando C. Walker and provided his birth date and other information. Based on this information, the dealership determined that Walker had sufficient credit to support the loan. Walker's name and birth date were placed on the sales contract, which Powell signed on April 29, 2006, and Powell took possession of the car. A few days later, Gathers met personally with Powell and the grandfather, who signed the contract and several other documents as "co-purchaser." At that point, the grandfather presented a copy of a driver's license identifying him as Alando Walker.

In May 2006, a different individual named Alando Walker received a notice indicating that he had purchased a car from Premier Dodge. This individual, who is not Powell's grandfather and does not know Powell, was surprised by the notice and complained to the dealership. Walker testified that he did not purchase a vehicle from the dealership or sign the sales contract relating to Powell's car, although the contract contained his correct name and birth date.

After speaking with Walker and comparing his driver's license to that provided by Powell's alleged grandfather, the dealership's sales manager determined that Walker had not, in fact, executed the documents. The manager contacted Powell, requesting that she return to the dealership to sign additional paperwork relating to the car. When she arrived, the manager asked to speak with her grandfather. Powell stated that she did not have his telephone number, and the manager threatened to notify the police. Powell then fled on foot.

The sales manager called the police. He also followed Powell, noticing that she stopped briefly to place something in a sewer. The responding police officer located Powell, who initially provided a false name and did not appear to have identification on her person. A thorough search at the jail, however, revealed her true driver's license hidden in her underwear. The responding officer also found three identification cards in the sewer where Powell stopped briefly as she fled, none of which bore Powell's name.

The jury found Powell guilty of identity fraud by using Alando Walker's name and birth date to assist her in securing a car loan. Powell challenges her conviction on appeal, arguing that the trial court should have directed a verdict of acquittal because she took possession of the vehicle before her alleged grandfather signed the sales documents in Walker's name. According to Powell, because the

dealership gave her possession of the car before completing the sale, it did not rely on Walker's identifying information, and the State failed to prove fraudulent intent. We disagree.

Under the applicable version of OCGA § 16-9-121 (1) (2006),[2]

> [a] person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of . . . that person . . . to his or her own use or to the use of a third party he or she . . . records identifying information of a person which would assist in accessing the resources of that person.

Within this provision, the term "identifying information" includes an individual's name and birth date. OCGA § 16-9-120 (4) (A), (L) (2006). The term "resources" encompasses "[a] person's . . . credit, credit history, credit profile, and credit rating." OCGA § 16-9-120 (5) (A) (2006).

The evidence shows that the dealership approved the car sale based on Alando Walker's credit history, which it accessed through the identifying information provided by Powell's alleged grandfather. Powell was present when the person she introduced as her "grandfather" gave the information to Gathers, who recorded it on the sales contract. The evidence further shows that Powell had been unable to establish sufficient credit to close the deal without the alleged grandfather's help. Finally, Walker did not consent to — or know about — the use of his identifying information, and he never agreed to co-sign Powell's car loan.

Construed favorably to the verdict, such evidence demonstrates that Powell knowingly used Walker's information to secure the credit rating necessary to purchase a car. Although she may not have obtained the information herself, and it appears that Gathers actually recorded the information on the sales contract, the jury was authorized to find her guilty as a party to the crime of identity fraud. See OCGA §§ 16-9-121 (1) (2006); 16-2-20 (a) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime."). Accordingly, the evidence was sufficient to sustain Powell's conviction. See *Hernandez v. State*, 281 Ga. 559, 559-560 (1) (639 SE2d 473) (2007); *Vicks v. State*, 289 Ga. App. 495, 496-497 (2) (657 SE2d 876) (2008).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

---

[2] The legislature substantially rewrote OCGA § 16-9-121 in 2007. See Ga. L. 2007, p. 453, § 4.

DECIDED AUGUST 27, 2008.

*Gregory D. McKeithen*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.