A08A1790. GOMEZ-RAMOS v. STATE OF GEORGIA.
A08A1791. UNITED SURETY, INC. v. STATE OF GEORGIA.

(676 SE2d 382)

PHIPPS, Judge.

After Lizbeth Gomez-Ramos was arrested on child cruelty allegations, she was held in custody in Hall County. Bail was set, and United Surety, Inc. posted an appearance bond. Gomez-Ramos was released from the jail, but because she was not legally in this country, she was immediately taken into the custody of the Immigration and Customs Enforcement (I. C. E.) until approximately September 2006, when the federal government deported her. At the time of the bond forfeiture hearing in December 2007, Gomez-Ramos had not returned to the United States, and she thus did not appear before the court at the time fixed for her arraignment in July 2007 on indicted charges of second-degree cruelty to children. On January 24, 2008, the trial court granted the state's motion for the forfeiture of the bond designated for Gomez-Ramos's appearance. Gomez-Ramos and United Surety challenge that judgment in Case Nos. A08A1790 and A08A1791, respectively. Because neither appellant has shown error, we affirm both cases.

*Case No. A08A1790*

1. There is no merit in Gomez-Ramos's contention that the trial court erred in granting the state's motion for bond forfeiture because she was "in custody" for purposes of OCGA § 17-6-72 (b) and (c). Subsection (b) pertinently provides:

> No judgment shall be rendered on a forfeiture of any appearance bond if it is shown to the satisfaction of the court that the principal on the bond was prevented from attending because he or she was detained *by reason of arrest, sentence, or confinement in a penal institution or jail* in the State of Georgia, or *so* detained in another jurisdiction, or because he or she was involuntarily confined or detained *pursuant to court order in a mental institution* in the State of Georgia or in another jurisdiction.[1]

Subsection (c) pertinently provides: "No judgment shall be rendered on a forfeiture of any appearance bond if it is shown to the satisfaction of the court that prior to the entry of the judgment on the forfeiture the principal on the bond is in *the custody of the sheriff*

---

[1] (Emphasis supplied.)

*or other responsible law enforcement agency.*"[2]

Where, as here, "the language of a statute is plain and unequivocal, judicial construction is not only unnecessary but forbidden."[3] At the pertinent time, Gomez-Ramos was not detained in a penal institution or jail because of an arrest or sentence; she was not confined in a mental institution because of any court order; and she was not in the custody of a sheriff or other responsible law enforcement agency. Gomez-Ramos was no longer in the United States because she had been deported. That she could not legally reenter the United States did not bring her within the purview of the cited forfeiture exceptions.[4]

2. Gomez-Ramos contends that the trial court erred in granting the state's motion for bond forfeiture, asserting that it had become legally impossible for Gomez-Ramos to appear in court and that she therefore should be excused from performance under the bond agreement. Gomez-Ramos relies upon *Raburn Bonding Co. v. State of Ga.*[5] She points out that such case recognized that "[a] bond is a transaction in the nature of a contract among three parties: the State, the principal, and the bondsman"[6] and further recognized that, pursuant to OCGA § 13-4-23, "[i]f the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance."[7]

But Gomez-Ramos's reliance upon that case is misplaced. Although recognizing the cited general contract principles, *Raburn Bonding Co.* turned pertinently on the fact that the bond transaction at issue there fell squarely within the purview of OCGA § 17-6-31 (f). Under that provision, "No judgment shall be rendered on any appearance bond if it is shown to the satisfaction of the court that the surety was prevented from returning the principal to the jurisdiction because such principal was on active military duty."[8] In *Raburn Bonding Co.*, it was shown that the principal was on active military duty in Germany at the time of his scheduled court appearance, which prevented his return to the jurisdiction for a court appearance.[9] As Gomez-Ramos has failed to show the applicability of

---

[2] (Emphasis supplied.)

[3] *Vargas v. State of Ga.*, 243 Ga. App. 725, 727 (534 SE2d 173) (2000) (citation omitted); see *Joe Ray Bonding Co. v. State of Ga.*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007) (interpretation of a statute is a question of law, which is reviewed de novo).

[4] See *Vargas*, supra.

[5] 244 Ga. App. 386 (535 SE2d 763) (2000).

[6] Id. at 388 (2).

[7] Id.

[8] OCGA § 17-6-31 (f).

[9] *Raburn Bonding Co.*, supra at 386-388 (1), (2).

OCGA § 17-6-31 (f) to her case, *Raburn Bonding Co.* provides no support to her contention that the trial court erred.

3. Gomez-Ramos contends that the state's policy of pursuing bond forfeitures in cases where the accused has been deported violates the Equal Protection Clause. She asserts that this policy deters bail bondsmen from writing bonds for individuals who have a "hold" status placed upon them by I. C. E., as she had at the time United Surety posted her appearance bond. At the bond forfeiture hearing, Gomez-Ramos's counsel elicited testimony from United Surety's owner that the company writes virtually no bonds for any person with an I. C. E. "hold" because of the financial risk. Gomez-Ramos argues that U. S. citizens and non-U. S. citizens are thus subject to disparate treatment, the latter disadvantaged in comparison to the former. In addition, Gomez-Ramos asserts that "the forfeiture of bond denies a person's right to bond as guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution and the Georgia Constitution." According to Gomez-Ramos,

> the true injury here and the potential equal protection problem is to those in [her] position. The reason for this is that if legal deportation and thus a fundamental legal inability to appear for court allowed for a bond forfeiture, then no bonding company would ever secure the release of a non-citizen because the risk would be too great.

Pretermitting whether Gomez-Ramos has made other requisite showings such as state action[10] and similarly situated groups,[11] she has failed to establish standing to pursue an equal protection challenge.[12] It is undisputed that Gomez-Ramos's "hold" status did not render her unable to procure a surety to post an appearance bond. And she makes no assertion that the amount of bail set by the court was excessive.[13]

---

[10] See *Spencer v. McCarley Moving &c. Co.*, 174 Ga. App. 525, 527 (330 SE2d 753) (1985) (state action required to establish equal protection claim).

[11] See *City of Atlanta v. Watson*, 267 Ga. 185, 187 (1) (475 SE2d 896) (1996) (Georgia's equal protection clause, which is construed to be consistent with its federal counterpart, requires that the state treat similarly situated individuals in a similar manner); see also *Mason v. Home Depot U.S.A.*, 283 Ga. 271, 273 (1) (658 SE2d 603) (2008) (one pursuing equal protection challenge must establish that he or she is similarly situated to members of the class who are treated differently from him or her).

[12] See *Feminist Women's Health Center v. Burgess*, 282 Ga. 433, 434 (1) (651 SE2d 36) (2007) (generally, a litigant has standing to assert constitutional challenge of a law only if the law has an adverse impact on that litigant's own rights).

[13] See *Mullinax v. State*, 271 Ga. 112-113 (2) (515 SE2d 839) (1999) (excessive bail is prohibited by the Georgia Constitution and the Eighth Amendment to the U. S. Constitution);

4. Gomez-Ramos contends that the trial court erred in granting the State's motion for bond forfeiture "because federal law preempted [her] ability to appear and thus the State's ability to lawfully forfeit the bond."

> The preemption doctrine of the Supremacy Clause may apply: (1) where there is direct conflict between state and federal regulation; (2) where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress; or (3) where Congress has occupied the field in a given area so as to oust all state regulation.[14]

Gomez-Ramos cites 8 USC § 1326. "A deported alien violates 8 U.S.C. § 1326 (a) (2) if [s]he 'enters, attempts to enter, or is at any time found in' the United States unless 'the Attorney General has expressly consented to such alien's reapplying for admission.' "[15] Gomez-Ramos has made no attempt, however, to specify a state regulation that directly conflicts with this federal provision. Nor has Gomez-Ramos cited any state law that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. And she has not established that Congress has occupied the field of any area so as to oust all state regulation regarding bail bonding. Finally, we find no merit in Gomez-Ramos's conclusory assertion that because "the State could not compel [her] appearance under the Supremacy doctrine, the State is pre-empted from being able to forfeit [her] bond."[16]

### Case No. A08A1791

5. United Surety contends that the trial court erred in granting the state's motion for bond forfeiture. Citing *Raburn Bonding Co.*,[17] it asserts that Gomez-Ramos was similarly situated to the principal in that case, that it is impossible for it to perform its obligation under the bond agreement, and that it should therefore be excused from performance under the bond agreement. As we determined in Division 2,[18] *Raburn Bonding Co.* is inapposite to this case and

---

see also *Ayala v. State*, 262 Ga. 704, 705 (1) (425 SE2d 282) (1993) (setting forth factors for trial court to consider in determining whether to release a person on bail).

[14] *Hernandez v. State*, 281 Ga. 559, 561 (3) (639 SE2d 473) (2007) (citation omitted).

[15] *United States v. Pina-Jaime*, 332 F3d 609, 611 (9th Cir. 2003) (quoting 8 USC § 1326 (a) (2)).

[16] See *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999) (mere conclusory statements are not the type of meaningful argument contemplated by this court's rules).

[17] Supra.

[18] Supra.

consequently provides no basis for reversal of the trial court's judgment.

*Judgments affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 11, 2009 —
RECONSIDERATION DENIED MARCH 27, 2009 

*Campano & Sperling, Manuel S. Campano, Jean Sperling-Cavallero, Wystan B. Getz*, for appellant (case no. A08A1790).

*Leonard C. Parks, Jr.*, for appellant (case no. A08A1791).

*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.